(109 So. 612)

**THAMES v. STATE.  (4 Div. 100.)**

(Court of Appeals of Alabama. Sept. 7, 1926.)

**I. Intoxicating liquors ⬤⟶238(1).**

Conflicts in evidence in prosecution for violation of the Prohibition Law presented questions for jury.

**2. Criminal law ⬤⟶451(4) — Question as to meaning of statement that defendant might "just as well come clean" called for conclusion.**

Question on cross-examination of state witness as to what person searching defendant meant by stating he "just as well come clean" *held* to call for conclusion, and objection thereto was properly sustained.

**3. Criminal law ⬤⟶338(1).**

Question on cross-examination of state witness as to what person searching defendant meant by stating he "just as well come clean" *held* immaterial.

**4. Criminal law ⚖413(1).**

One accused of crime and on trial cannot make evidence for himself.

**5. Criminal law ⚖338(1).**

In prosecution for violation of Prohibition Law, defendant's offer to prove that he was told about some one taking an automobile tire from his house *held* properly excluded.

**6. Criminal law ⚖696(3).**

Where testimony of witness in criminal prosecution was immaterial and foreign to issue involved, motion to exclude it was properly granted.

**7. Criminal law ⚖861.**

Where jar of liquor was offered in evidence by state, charge that jury had right to test liquid in evidence providing they did not "go too far" *held*, in view of Code 1923, § 5634, reversible error.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Joe Thames was convicted of violating the Prohibition Law, and he appeals. Reversed and remanded.

W. W. Sanders, of Elba, for appellant.

Counsel argues for error in the judgment, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. From a judgment of conviction for a violation of the Prohibition Law, defendant appealed.

The record proper appears regular in all things. The court's rulings were invoked in but few instances, and no charges were refused to defendant.

[1] The evidence was in sharp conflict— that for the state tending to show that defendant was in possession of a fruit jar of whisky, at the time and place complained of, and that for the defendant tended to show that he was not in possession of the whisky and that he did not throw it upon the ground when he discovered the officers. The conflict in evidence presented a question for the determination of the jury.

[2, 3] The first exception noted occurred on recross-examination of state witness Donaldson. Among other things he testified:

"I was searching Mr. Thames. * * * I was searching him for liquor. While I had hold of Mr. Thames, Mr. Watkins (the other state witness) says, the best I remember, he said, 'You just as well come clean.'"

At this point defendant's counsel asked him:

"Well, when he told him he just as well come clean, what was he talking about?"

The court sustained the solicitor's objection to this question, defendant excepted, and made known to the court he expected to show that Mr. Watkins was talking about liquor. The question called for the conclusion of witness Donaldson as to what Watkins was talking about, and for this reason the objection was in point. Moreover, the ruling of the court was proper, as the matter inquired about was immaterial and of no moment.

[4, 5] The defendant offered to prove that he was told about some one having taken an automobile tire from his house, etc., but upon objection the court would not allow him to make this proof. It is an elementary rule of evidence that one accused of crime, and on trial, cannot be permitted to make evidence for himself. There was no error in this ruling. Moreover, the defendant received the benefit of this evidence without objection upon his further examination, and by the testimony also of another witness.

[6] After defendant's witness Almancie Skipper had finished his testimony it was all excluded upon motion of the solicitor, and defendant excepted. The testimony given by Skipper was not relevant or admissible. It being immaterial and foreign to any issue involved, the court properly granted the motion to exclude.

[7] The jar and contents in question was offered in evidence by the state, and in charging the jury the court instructed them, among other things, "that the jury has the right to taste the liquid in evidence, provided they don't go too far." To this excerpt of the oral charge defendant reserved an exception. Under the law in this state we must hold that this exception was well taken, and for this erroneous instruction the judgment of conviction must be reversed and the cause remanded. Wadsworth v. Dunnam, 117 Ala. 661, 668, 23 So. 699; Phillips v. State, 156 Ala. 140, 47 So. 245; Vester Nix v. City of Andalusia (Ala. App.) 109 So. 182 (4 Div. 215).[1] In the Wadsworth Case, supra, Brickell, C. J., said:

"Laying aside all other objections, it is enough to say, if the cordial was intoxicating, * * * it was the duty of the court to prohibit, not to license its introduction into the jury room. And if it had been introduced, and by its use the jurors had acquired knowledge, or formed any opinion as to its properties or qualities, the one juror could not have communicated his knowledge or opinion to another. 'A juror on trial who has knowledge of any material facts, must give notice, so that he can be sworn, examined and cross-examined. He cannot be permitted to give evidence to his fellow jurors without being so sworn.'" Code 1923, § 5634.

Reversed and remanded.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 439.