(139 So. 109)

**MITCHELL v. STATE.**

**6 Div. I.**

Court of Appeals of Alabama.

Jan. 12, 1932.

Walter S. Smith and W. T. Edwards, both of Birmingham, and Smith & Ballard, of Lineville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The indictment charged the larceny of twenty-one journal brasses of the aggregate value of $82. On the trial, the solicitor stated that the state did not insist on a conviction for grand larceny. It then proceeded to introduce evidence tending to prove the theft of twenty-one journal brasses from the party alleged to have been injured, and one of the brasses was introduced in evidence; but there was no evidence tending to prove the value of the brasses alleged to have been stolen.

In his oral charge to the jury, the court instructed them on the question of value as follows: "Now, you have no evidence here before you as to the value of this property, * * * so, you as jurors may use your common sense and your experience in passing on the question as to whether or not this property exhibited to you is of any value or not and you can say whether it is or not. If you find it is worth anything, one cent or more, and these defendants stole it, they would be guilty of petit larceny." The jury returned a verdict of guilt, and fixing the value of the property at $24.

■ The brasses alleged to have been stolen are not declared by statute to be the

subject of larceny without reference to value. It is therefore necessary to aver and prove, to authorize a conviction in this case, that the brasses were property of value. Parker v. State, 111 Ala. 72, 20 So. 641; Lucas v. State, 96 Ala. 51, 11 So. 216; Gady v. State, 83 Ala. 51, 3 So. 429. The above seems to be against the weight of authority in other states, as is indicated in 36 C. J. p. 908 notes 80 and 81. We, however, are bound to follow the law as declared by our Supreme Court.

The rule as declared by our Supreme Court seems to be based upon the principle that jurors may not become witnesses without taking the oath as a witness and being examined as such. On this question also, the courts are in hopeless conflict, as was pointed out by this court in Nix v. City of Andalusia, 21 Ala. App. 439, 109 So. 182; Thames v. State, 21 Ala. App. 526, 109 So. 612, 613.

The above question was also raised by a request for the general charge, which was denied to defendant. This charge should have been given.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.