The defendant was indicted and convicted for receiving stolen property in the second degree. Alabama Code 1975, Section13A-8-18 (Amended 1977). Sentence was twenty years' imprisonment under the Habitual Felony Offender Act. Code, Section 13A-5-9. One issue is presented on appeal.
The defendant maintains that the State failed to prove that the market value of the stolen property, Code Section 13A-8-1
(14), was between $100.00 and $1,000.00 at the time the property was stolen.
The evidence shows that on the 8th of January, 1981, Ethel Mae Taylor's home was burglarized and among the property taken were two television sets and one shotgun. Mrs. Taylor testified that she had no opinion of the present value of this property.
She did testify that both sets were black and white, that they both worked, that she purchased one set in 1974 and the other in 1980, and originally paid $500.00 for one set and $600.00 for the other.
Lieutenant G.E. Robinson of the Prichard Police Department testified that the fair market value of the type .12 gauge shotgun that was stolen was between $60.00 and $80.00.
Defense counsel moved to exclude the State's evidence on the ground that "there is no evidence whatsoever . . . that the value of the items taken were more than $100.00."
"As with the crimes of theft of property and theft of services, the value of the thing stolen is a primary factor in determining the degree" of the crime of receiving stolen property. Commentary following Code, Section 13A-8-19. Value is defined as the "market value of the property at the time and place of the criminal act." Code Section 13A-8-1 (14). "When the value of property cannot be ascertained . . ., its value shall be deemed to be an amount not exceeding $100.00." Code Section 13A-8-1 (14).
Just as the corpus delicti of the crime charged and the defendant's criminal agency may be established by circumstantial evidence, Stewart v. State, 350 So.2d 764, 766
(Ala.Cr.App. 1977), so the value of stolen property may be proven by circumstantial evidence. 52A C.J.S. Larceny Section 133 (1968). Jurors may not infer the existence of value from an inspection of the thing itself, or from a description of it by witnesses, as this allows the jurors to become witnesses without being sworn and subject to examination, Mitchell v.State, 24 Ala. App. 570, 139 So. 109 (1932). This rule does not apply where the record reveals the "data" the jury used to assess value. Lucas v. State, 96 Ala. 51, 53, 11 So. 216
(1891). In Mitchell, there was no evidence tending to prove the value of the property alleged to have been stolen.24 Ala. App. at 570, 139 So. 109.
We hold that the evidence "as to what the stolen property cost at the time it was purchased by its owner" and "the serviceability of the property at the time it was allegedly stolen" furnished an adequate, *Page 195 
if not substantial, basis for a finding by the jury that the property was worth more than $100.00. Johnson v. State,374 So.2d 417, 420 (Ala.Cr.App. 1979). See also Deep v. State,414 So.2d 141 (Ala.Cr.App., 3 Div. 391, Ms. January 26, 1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.