PATTERSON, Judge.
The appellant, Truman Harmon, appeals from the trial court’s denial, after a hearing, of his petition for writ of error coram nobis wherein he contested the validity of his 1985 convictions for escape in the second degree, burglary in the third degree, and theft of property in the second degree, entered pursuant to pleas of guilty. On appeal, his appointed counsel submitted the following issue for our review:
“Whether the Court erred in sentencing the Defendant to separate sentences of thirteen years each (running consecutive) for Third Degree Burglary and Second Degree Theft on a joint indictment when both charges stemmed from the same act and the Second Degree Theft was a part of the Third Degree Burglary offense to the prejudice of the Defendant.”
If the factual allegations are in fact true, this issue, if properly raised, could have merit. Compare Myers v. State, 499 So.2d 820 (Ala.Cr.App.1986) (wherein the court held that the issue of whether former theft convictions barred a subsequent burglary conviction arising out of the same act is *716 properly raised by the writ of error coram nobis, not habeas corpus) with Hall v. State, 476 So.2d 1249, 1251 (Ala.Cr.App.1985) (wherein the court noted that the habeas corpus petitioner would be entitled to relief if he established that the two assault convictions arose from a single criminal act). See also McKinney v. State, 511 So.2d 218 (Ala.Cr.App.1986) (wherein the court reversed the trial court’s denial of a writ of error coram nobis and held that the petitioner was entitled to a new trial, based upon its finding that counsel was ineffective for advising the petitioner to plead to two charges arising from one criminal act); Gray v. State, 338 So.2d 444 (Ala.Cr.App.), cert. denied, 338 So.2d 445 (Ala.1976) (wherein the court held, on direct appeal, that where the same transaction supported both grand larceny and burglary convictions, there could be but one punishment). However, this precise issue was not presented to the trial court, either in Harmon’s petition or at the hearing, and, accordingly, is not before us for review, for we have no ruling on this issue. Appellate review is limited to matters on which rulings are invoked in the trial court. E.g., Wood v. State, 416 So.2d 794 (Ala.Cr.App.1982).
Accordingly, this cause is affirmed.
AFFIRMED.
All Judges concur.