*718 ON REMAND FROM ALABAMA SUPREME COURT
PATTERSON, Judge.
On original submission, for our review, of the trial court’s denial of Harmon’s petition for writ of error coram nobis, Harmon argued that he should not have received separate, consecutive sentences for third degree burglary and second degree theft convictions when both charges allegedly arose from the same act. Although we held that this precise issue was not presented to the trial court and, thus, not preserved for our review, 543 So.2d 715 (Ala.Cr.App.1987), our supreme court determined otherwise and remanded for this court to determine “whether Harmon was in fact subject to the imposition of separate sentences,” 543 So.2d 716, 717 (Ala.1988).
The trial court, in its written order denying Harmon’s petition, specifically determined that “[t]he theft charge concerns property taken during the course of the burglary charged in count one.” The trial court also orally found that Harmon received a 13-year sentence on each count, with the sentences to run consecutively. Thus, it appears that Harmon is entitled to relief from one of the sentences. See Gray v. State, 338 So.2d 444 (Ala.Cr.App.), cert. denied, 338 So.2d 445 (Ala.1976).
However, there is some question whether a petition for writ of error coram nobis is a proper remedy here, for a successful proceeding upon coram nobis entitles the petitioner to a new trial. Amend v. City of Mobile, 497 So.2d 605 (Ala.Cr.App.1986). Here, the action to be taken is merely the vacation of one of the sentences. So that there will be no question about the proper writ and the lower court’s jurisdiction, we remand this cause with instructions that Harmon’s petition be considered as an A.R.Crim.P.Temp. 20 petition and that the trial court enter an order vacating one of Harmon’s sentences, Rule 20.9(c). Due return shall be made to this court.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Judge.
A determination having been made that appellant, Truman Harmon, could not be convicted of both burglary in the third degree and theft of property in the second degree, where both charges arose from the same act, we remanded this case to the trial court with instructions to vacate one of the convictions and one of the sentences. The record reflects that the trial court has fully complied with our remand, and has made due return, showing that the conviction and sentence previously entered in regard to the burglary in the third degree charge have been vacated and set aside.
Appellant’s convictions for escape in the second degree (Case No. CC 85-014) and theft of property in the second degree (Case No. CC 84-037) are proper, and he stands convicted of those offenses. The appropriate order having been entered by *719 the lower court in these proceedings, this case is due to be affirmed. A.R;Crim.P. Temp. 20.
OPINION EXTENDED; AFFIRMED.
All Judges concur.