ON REMAND FROM ALABAMA SUPREME COURT
On original submission, for our review, of the trial court's denial of Harmon's petition for writ of error coram nobis, Harmon argued that he should not have received separate, consecutive sentences for third degree burglary and second degree theft convictions when both charges allegedly arose from the same act. Although we held that this precise issue was not presented to the trial court and, thus, not preserved for our review, 543 So.2d 715 (Ala.Cr.App. 1987), our supreme court determined otherwise and remanded for this court to determine "whether Harmon was in fact subject to the imposition of separate sentences," 543 So.2d 716, 717 (Ala. 1988).
The trial court, in its written order denying Harmon's petition, specifically determined that "[t]he theft charge concerns property taken during the course of the burglary charged in count one." The trial court also orally found that Harmon received a 13-year sentence on each count, with the sentences to run consecutively. Thus, it appears that Harmon is entitled to relief from one of the sentences. See Gray v.State, 338 So.2d 444 (Ala.Cr.App.), cert. denied, 338 So.2d 445
(Ala. 1976).
However, there is some question whether a petition for writ of error coram nobis is a proper remedy here, for a successful proceeding upon coram nobis entitles the petitioner to a new trial. Amend v. City of Mobile, 497 So.2d 605
(Ala.Cr.App. 1986). Here, the action to be taken is merely the vacation of one of the sentences. So that there will be no question about the proper writ and the lower court's jurisdiction, we remand this cause with instructions that Harmon's petition be considered as an A.R.Crim.P.Temp. 20 petition and that the trial court enter an order vacating one of Harmon's sentences, Rule 20.9(c). Due return shall be made to this court.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND