574 So.2d 860 (1990)
Corey VASON
v.
STATE.
3 Div. 349.
Court of Criminal Appeals of Alabama.
June 15, 1990.
Rehearing Denied September 21, 1990.
Certiorari Denied February 8, 1991.
Scott Johnson, Jr., Montgomery, for appellant.
Don Siegelman, Atty. Gen., and J. Thomas Leverett, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1900097.
McMILLAN, Judge.
The appellant was indicted for theft of property in the first degree and burglary in the third degree. The theft charge was amended from theft of property in the first degree to theft of property in the second degree and the appellant then changed his plea from not guilty to guilty on both charges. The trial court asked appellant if he wished to have a sentencing hearing, whereupon the appellant asked that his sentencing conform to the mandate of Harmon v. State, 543 So.2d 715 (Ala.Cr.App. 1987), reversed, 543 So.2d 716 (Ala.1988), on remand, 543 So.2d 717 (Ala.Cr.App. 1989). The trial court sentenced the appellant to two years' imprisonment on each charge, the sentences to run concurrently.
The appellant argues that he should not have received convictions for both burglary in the third degree and theft of property in the second degree, because, he says, the charges arose from the same transaction and the theft was an element of the burglary in that it was the felony intended to be committed upon breaking and entering. Therefore, he argues that the offenses represent a single criminal act and that convictions for both violated the doctrine of double jeopardy.
The following transpired prior to sentencing the appellant:
"[DEFENSE COUNSEL]: We would like to make reference to a case decided in the Court of Criminal Appeals back in March of this year, where on return to remand the Court held that a defendant could not be convicted of both burglary in the third degree and theft of property *861 in the second degree where both charges arose from the same act.
"We believe both of these charges, burglary third and theft second degree in the case of this defendant arose from the same act. And we ask that the sentencing hearing conform to the holding of the Harmon case at 543 So.2d 715.
"THE COURT: Couldn't be convicted or couldn't be sentenced?
"[DEFENSE COUNSEL]: Neither one, your honor.
"THE COURT: Okay. Which one do you want then. I hadn't read the case.
"[DEFENSE COUNSEL]: I have a copy here if you wish.
"THE COURT: It says consecutive sentences should not have been imposed. Doesn't say he can't be convicted. Says can't impose consecutive sentence.
"[DEFENSE COUNSEL]: I read it to mean both, your honor.
"THE COURT: Two separate sentences there couldn't be [sic] since it arose out of the same act. He couldn't receive any consecutive time when an offense arose out of the same act.
"[DEFENSE COUNSEL]: Excuse me?
"THE COURT: All they argued was he should not have accepted separate consecutive sentences where both charges allegedly arose from the same act.
"[DEFENSE COUNSEL]: Where I refer to the conviction and the sentence was in the final paragraph on return to remand where they do address the conviction as well as the sentence.
"THE COURT: I don't know how they did that since it wasn't issued in the case. But I reckon they did. I don't understand this case. There was never an issue in the case, and above that they say that one of the sentences should be vacated which I understand. Then on return on remand they start talking about that he couldn't be convictedthey determined that it couldn't be two convictions. That's not what they determined at all. Determination not be made that could not be convicted. [sic] We remanded it. That's not what they remanded. They have remanded for a vacation of one of the sentences. I don't understand this case.
"[DEFENSE COUNSEL]: It may have risen as an issue to the trial court. I will leave that copy for you. I have cited it."
Thereafter, the trial court sentenced the appellant to concurrent sentences on the two convictions.
Although it is unclear whether the appellant's sentences even had to be concurrent, see Bibb v. State, 352 So.2d 842 (Ala. 1977) (not required that the sentence for a larceny offense, which was committed during course of a burglary, run concurrently with sentence imposed for the burglary offense, of which defendant was previously convicted), as the appellant's sentences were imposed concurrently, his sentencing was proper. See Gray v. State, 338 So.2d 444 (Ala.Cr.App.1976), writ denied, 338 So.2d 445 (Ala.1976) ("It appears that the same transaction supports both grand larceny and burglary, but there can be but one punishment. Whether this rule is served by single sentence or concurrent sentences is a matter confided to the judge's discretion." Id. at 445.).
"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision." § 15-3-8, Code of Alabama 1975. This Code section and its forerunners generated old case law holding that one could not be convicted of both burglary and larceny arising from the same transaction.
In Wildman v. State, 42 Ala.App. 357, 165 So.2d 396 (1963), writ denied, 276 Ala. 708, 165 So.2d 403 (1964), the original opinion holding that grand larceny and burglary are "of the same kindred of crimes" and "a verdict of guilt of one excludes a like finding of the other," was modified on rehearing to hold that while a single act could give rise to convictions for both burglary and larceny, double punishment was improper. In holding that it was the double punishment which was proscribed and that concurrent sentences could never constitute *862 double punishment, the court quoted from People v. McFarland, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449 (1962) as follows:
"`* * * It was there pointed out, upon an analysis of several earlier decisions, that the prohibition of the statute against double punishment applies not only where "one `act' in the ordinary sense" is involved but also where there is a "course of conduct" which violates more than one statute and comprises an indivisible transaction punishable under more than one statute ...; that the divisibility of a course of conduct depends upon the intent and objective of the defendant; and that if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one.'"
Id. at 401. The court also quoted from People ex rel. Maurer v. Jackson, 2 N.Y.2d 259, 159 N.Y.S.2d 203, 205, 140 N.E.2d 282, 284 (1957), as follows:
"`It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction.* * * It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment."
Id. at 399-400. (Emphasis in original.) Thus, in Wade v. State, 42 Ala.App. 400, 166 So.2d 739 (1964), the defendant was indicted for second degree burglary "with a companion count of grand larceny" and the court held that "on conviction there can be but one punishment." Id. 42 Ala.App. at 401, 166 So.2d at 740. In Rutherford v. State, 49 Ala.App. 246, 270 So.2d 678 (Ala. Cr.App.1972), writ denied, 289 Ala. 751, 270 So.2d 679 (1972), the court noted that in order to prohibit double punishment for the same act or omission in cases involving burglary and grand larceny, there must be "uncontradicted evidence of the completed act of larceny stand[ing] alone to support the allegation of the appellant's intent when he entered the premises into which he had broken." Id., 49 Ala.App. at 247, 270 So.2d at 679. Thus, the court again verified the propriety of the two convictions arising out of the same act or omission in the case of burglary and larceny.
In Yelton v. State, 56 Ala.App. 272, 321 So.2d 234 (Ala.Cr.App.1975), writ denied, 294 Ala. 745, 321 So.2d 237 (1975), this court held that where a defendant had previously been convicted of murder and was later prosecuted for burglary arising from a breaking and entering with intent to commit the murder which was the subject of the prior conviction, the later burglary prosecution was barred. The court based this decision on the fact that both of these convictions would require "jury-fixed sentences" and therefore double punishment. The court stated:
"Had there been but one trial resulting in two convictions, Wildman would allow both convictions to stand, but require punishment to be administered under only one of the convictions. But here the prior conviction of murder, when final, would bar the later prosecution for burglary."
Id. at 236. (Emphasis in original.) In the present case the appellant's two convictions resulted from but one trial; therefore, the rule in Yelton does not apply.
The propriety of double convictions where the same transaction supports the convictions for both grand larceny and burglary was again upheld in Parker v. State, 516 So.2d 859, 865-66 (Ala.Cr.App.1987), wherein this court held that an indictment charging the defendant with burglary and grand larceny could form the basis of two convictions for the purpose of the Habitual Felony Offender Act, despite the preclusion of double punishment for two offenses arising out of the same transaction. The court noted, "This code section forbids double punishment, but it does not forbid double convictions." Id. at 865.
While the rule against single crimes being divided into two or more offenses has been cited to bar convictions, see e.g. Ex *863 parte Darby, 516 So.2d 786 (Ala.1987) (the defendant could not be convicted of both selling cocaine and trafficking in cocaine), the propriety of convictions for both burglary and theft arising from the same transaction has been consistently upheld. Therefore, this court's language on return to remand in Harmon v. State, 543 So.2d 717 (Ala.Cr.App.1989), after the Alabama Supreme Court's instructions to this court "to determine whether Harmon was in fact subject to the imposition of separate sentences," is overruled as to its language concerning the vacation of one of the convictions.
In the present case, the appellant pleaded guilty and was properly convicted of breaking and entering the residence and the theft of certain property therein. He was also properly sentenced to concurrent terms of two years' imprisonment on these convictions.
AFFIRMED.
All the Judges concur except BOWEN, J., concurring specially with opinion.
BOWEN, Judge, concurring specially.
I concur specially in the opinion of the majority.
Ala.Code 1975, § 15-3-8, provides:
"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
This statute has spawned as bewildering a disarray of cases as exists anywhere in Alabama criminal law and procedure.
This confusion is, at least in large part, due to the fact that the Alabama courts began interpreting the 1923 provision found in § 15-3-8 as a codification of the definition of federal double jeopardy found in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This interpretation engrafted the federal double jeopardy definition of "same offense" onto the "same act or omission" language of § 15-3-8. See McGaughy v. State, 505 So.2d 399 (Ala.Cr.App.1987). This interpretation, in effect, rendered § 15-3-8 meaningless. Compare Yelton v. State, 56 Ala. App. 272, 321 So.2d 234, cert. denied, 294 Ala. 745, 321 So.2d 237 (1975), and Duncan v. State, 436 So.2d 883 (Ala.Cr.App.1983), cert. denied, 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984), with Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985) (overruling Duncan at 516 So.2d at 761-63), remanded on other grounds, 516 So.2d 768 (Ala.1987), and Beckley v. State, 357 So.2d 1022 (Ala.Cr.App.1978).
Using Blockburger to analyze cases in which § 15-3-8 was arguably applicable made the "old" premise that if one offense standing alone supplies an element of the other, then the "overlap" is equivalent to the "same act or omission" under § 15-3-8 immediately unworkable. Under a Blockburger -jeopardy analysis, it is perfectly acceptable to have such an "overlap" in offenses. Under Blockburger, two offenses are the same for purposes of jeopardy unless each offense contains an element not required by the other.
When the Alabama courts began to construe § 15-3-8 as a codification of federal jeopardy-Blockburger principles, they implicitly overruled the preceding cases which were based on the overlap-in-proof concept. The overlap concept cannot coexist with Blockburger. If § 15-3-8 now incorporates the Blockburger rationale, it can no longer embrace the overlap-in-proof concept.
It is apparent that our application of Blockburger-jeopardy principles to § 15-3-8 has, in effect, rewritten the statute. With the new interpretation, § 15-3-8 bears little or no resemblance to the provision as construed by Wildman v. State, 42 Ala.App. 357, 165 So.2d 396 (1963), cert. denied, 276 Ala. 708, 165 So.2d 402 (1964); Gray v. State, 338 So.2d 444 (Ala.Cr.App.), cert. denied, 338 So.2d 445 (Ala.1976); Yelton, supra, and Bibb v. State, 352 So.2d 842 (Ala.1977). This Court should admit that § 15-3-8, as written, is dead.
Apparently, our Legislature implicitly did just that when it adopted the Alabama *864 Criminal Code and enacted § 13A-1-8 which appears to supersede § 15-3-8.
Ala.Code 1975, § 13A-1-8(b), provides:
"(b) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
"(1) One offense is included in the other, as defined in section 13A-1-9; or
"(2) One offense consists only of a conspiracy or other form of preparation to commit the other; or
"(3) Inconsistent findings of fact are required to establish the commission of the offenses; or
"(4) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."