JAMES H. FAULKNER, Retired Justice.
In separate indictments, Michael James Preston was charged with the offenses of robbery in the second degree, a violation of § 13A-8-42, Code of Alabama 1975, and murder, a violation of § 13A-6-2. The state filed a motion to consolidate the cases for trial because the separate offenses, which involved the same victim, were connected in their commission or were part of a common scheme or plan. The motion was not ruled upon, and Preston did not consent to consolidation. The state elected to proceed to trial on the charge of robbery in the second degree. The jury found Preston guilty of robbery in the second degree as charged in the indictment, and he was sentenced to 13 years' imprisonment.
The sole issue raised on appeal is whether the trial court erred in refusing Pres *264 ton’s requested jury instruction on theft of property in the first degree.
“Unquestionably, there are times under an indictment for robbery when the jury should be charged as to some of the lesser included offenses. It is equally true that there are other robbery cases in which the jury should not be instructed as to any lesser included offense.... [Wjhether a charge as to a lesser included offense should be given is dependent upon whether the evidence in the case, according to any reasonable theory, presents a controversy whether the particular conduct constitutes robbery on the one hand or the lesser included offense on the other. If so, such a charge should be given; if not, it should not be giyen.”
Gray v. State, 394 So.2d 92, 94 (Ala.Cr.App.), cert. denied, 399 So.2d 840 (Ala.1981).
In the case sub judice, it is clear that there is no evidence tending to bring the charged offense of robbery in the second degree within the definition of the purported lesser included offense of theft of property in the first degree. See Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978).
“Robbery in any degree requires both the intent to deprive the victim of his property and the intent to overcome the victim's resistance or compel his acquiescence through the use or the threat of the use of force.” Ex parte Bates, 461 So.2d 5, 7 (Ala.1984). Robbery in the second degree requires, in addition, that the person committing the crime of robbery be aided by another person actually present. Section 13A-8-42, Code of Alabama 1975. Theft of property in the first degree, however, is merely the taking of property from the person of another without the use or the threat of the use of force. Section 13A-8-3, Code of Alabama 1975.
In the instant case, Daniel Bernard Hunter, a codefendant of Preston’s, testified that he, Preston, and four other men got into a car and followed the victim down a street in front of a nightclub. Hunter testified that he was the first to get out of the car and that he ran over to and tripped the victim, and knocked him to the ground. Hunter further testified that all of the occupants of the car, including Preston, proceeded to beat and kick the victim until the victim lay motionless in the street. According to Hunter, several of the participants went through the victim’s pockets and took some money from the victim.
Another eyewitness, Freddie James Avery, testified that Preston was one of the participants in the beating and robbing of the victim and that after the beating and robbing occurred, the participants got back into the car and then ran over the victim with the car, causing the victim’s death.
Because there was absolutely no evidence presented that Preston took money from the victim without the use or the threat of the use of force, the trial court properly refused Preston’s requested jury instruction on theft of property in the first degree.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.