TAYLOR, Judge.
The appellant, Dominic Pernell Mayfield, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. He was sentenced as a habitual felony offender to life in prison.
*1295 The state’s evidence tended to show that on June 26,1991, two gold chains were stolen from Cedric Moore’s neck while he and Ernest Brown, were in the parking lot of a Krystal restaurant in Tuscaloosa. Moore testified that he and Brown went into the restaurant, placed an order, and left the restaurant to return to his automobile. While they were sitting in the car a group of about 13 people crowded around the car and started talking about basketball. Moore stated that as Brown reached into his bag to get a sandwich, a member of the group reached in the car, hit Moore several times and grabbed the gold chains he was wearing around his neck. Two chains were stolen. Moore identified the appellant as the person who hit him and took the gold chains. Moore testified that the value of the two chains, including a charm that was on one of the chains, was approximately $1,700.
I
The appellant initially argues that the trial court erred in denying his motion for a judgment of acquittal. Specifically, he argues that the state failed to present a prima facie case of theft of property in the first degree.
A person is guilty of theft of property in the first degree when:
“The theft of property ... exceeds $1,000.00 in value, or property of any value [is] taken from the person of another....”
§ 13A-8-3(a), Code of Alabama 1975.
Moore’s testimony was sufficient to establish a prima facie case of theft of property in the first degree. Brown also testified to the same facts as did Moore. The state established a prima facie case of first degree theft and the case was correctly submitted to the jury.
II
The appellant also contends that his trial counsel’s performance was ineffective because, he said, counsel failed to request jury instructions on the lesser offense of robbery in the third degree. As the state correctly argues, this issue was not preserved for our consideration.
The appellant in a pro se motion for a new trial argued that his counsel’s performance was ineffective “in not objecting to certain erroneous and/or inadequate instructions to the jury_” This argument did not present the issue now raised on appeal. “The appellant is bound by the specific objections made at trial and cannot raise a new ground on appeal.” Boldin v. State, 585 So.2d 218, 220 (Ala.Cr.App.1991).
Furthermore, counsel’s performance was not ineffective for failing to request an instruction on robbery in the third degree. Robbery in the third degree is not a lesser included offense of theft of property in the first degree. Section 13A-l-9(a)(l), Code of Alabama 1975, defines an included offense as an offense which is “established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.” Robbery in the third degree requires proof of intent to overcome a person’s resistance. Theft of property in the first degree does not require this element. Preston v. State, 586 So.2d 263 (Ala.Cr.App.1991). Thus, counsel’s performance was not ineffective for failing to request an instruction on an offense which was not a lesser included offense of the crime charged in the indictment.
For the foregoing reasons, the judgment in this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.