The appellant, Tony Terrell Mack, appeals from the denial of his motion to reconsider his sentence, made pursuant to §13A-5-9.1, Ala. Code 1975. On April 7, 1999, Mack was convicted of one count of unlawful possession of a controlled substance — marijuana — and one count of unlawful distribution of a controlled substance — cocaine. He was sentenced, as an habitual offender with 3 prior felonies, to a *Page 1000 
term of 15 years' imprisonment for the marijuana-possession conviction and to life imprisonment for the cocaine-distribution conviction. This Court affirmed Mack's convictions and sentences on December 3, 1999, by unpublished memorandum. See Mack v.State (No. CR-98-1328), 796 So.2d 449 (Ala.Crim.App. 1999) (table). On May 7, 2000, Mack pleaded guilty to one count of first-degree escape and was sentenced as a habitual offender to life imprisonment. No appeal was taken from this conviction.
On September 20, 2004, Mack filed a motion for reconsideration in the Tuscaloosa Circuit Court, seeking reconsideration of the life sentence imposed as a result of his conviction for unlawful distribution of a controlled substance. On December 2, 2004, Mack filed an amended motion for reconsideration, reasserting his request to be resentenced for his cocaine-distribution conviction and adding a request to be resentenced for his escape conviction.
On January 20, 2005, Circuit Judge Thomas S. Wilson, the same judge who sentenced Mack in the cases in question, denied Mack's motion. In its order, the court stated:
 "The defendant files this motion for sentence reduction pursuant to Code of Alabama, § 13A-5-9.1. This Code section allows retroactive application of the amendment to § 13A-5-9 allowing the court to sentence a defendant convicted of a Class A felony with three prior felony convictions to be sentenced to life without parole or life. The defendant in this case received a life sentence. Therefore, there is no relief available to the defendant under § 13A-5-9.1. The petition is therefore overruled and denied."
(C. 10.) This appeal followed.
Mack argues that the trial court erred when it summarily dismissed his motion for reconsideration. Specifically, Mack contends that persons convicted of Class B felony offenses and who have at least three prior felony convictions are likewise eligible to file a motion for reconsideration pursuant to §13A-5-9.1, Ala. Code 1975. We agree.
In 2000, the Alabama Legislature amended § 13A-5-9, Ala. Code, the Habitual Felony Offender Act ("the HFOA"). Before the legislature amended § 13A-5-9, a defendant convicted of a Class A felony, and who had three or more prior felony convictions, was subject to a mandatory sentence of life imprisonment without the possibility of parole. Similarly, a defendant convicted of a Class B felony who had three or more felony convictions was subject to a mandatory sentence of imprisonment for life. Following the 2000 amendment to § 13A-5-9 that became effective May 25, 2000, a defendant convicted of a Class A felony, who possessed three or more prior felony convictions and had no prior convictions for any Class A felonies, is eligible for a sentence of imprisonment for life or life imprisonment without parole at the trial court's discretion. § 13A-5-9(c)(3), Ala. Code 1975. Likewise, a defendant convicted of a Class B felony, who had three or more prior felony convictions, is eligible for a sentence of imprisonment for life or for any term not less than 20 years. See § 13A-5-9(c)(2), Ala. Code 1975.
In 2001, the Alabama Legislature enacted Alabama Act No.2001-977, codified as § 13A-5-9.1, Ala. Code 1975, mandating that the 2000 amendments be applied retroactively. The statute provides:
 "The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department *Page 1001 
of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
In Kirby v. State, 899 So.2d 968 (Ala. 2004), the Alabama Supreme Court discussed which inmates were eligible to seek resentencing, stating:
 "Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.
 "We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a non-violent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated."
899 So.2d at 974 (emphasis added).
Mack was convicted of one count of unlawful distribution of a controlled substance and one count of first-degree escape; both of these offenses are Class B felonies. See §§ 13A-10-31 and13A-12-211, Ala. Code 1975. Pursuant to § 13A-5-9, as it existed at the time of these convictions, the trial court was required to sentence Mack to life imprisonment, based on the fact that he had three or more prior felony convictions. However, as Kirby
notes, Mack falls within the category of inmates eligible to file a motion for reconsideration, requesting that the trial court resentence him under the amended provisions of § 13A-5-9, Ala. Code 1975. Accordingly, the trial court mistakenly concluded that Mack was not eligible to file a motion for reconsideration of his 1999 and 2000 sentences for life imprisonment.
Based on the foregoing, this case is remanded for the trial court to enter a new order addressing the merits of Mack's request that he be resentenced for the aforementioned Class B felonies pursuant to § 13A-5-9(c)(2) as amended, effective May 25, 2000. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
* Note from the reporter of decisions: On September 16, 2005, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. On October 7, 2005, that court denied rehearing, without opinion.