The appellant, Dominic Pernell May-field, appeals from the circuit court's denial of his motion for reconsideration of sentence pursuant to § 13A-5-9.1, Ala. Code 1975. On January 15, 1993, Mayfield was convicted of theft of property in the first degree and was sentenced as an habitual felony offender to life imprisonment. On February 11, 1994, this Court affirmed *Page 800 
Mayfield's conviction and sentence. May-field v.State, 641 So.2d 1294 (Ala.Crim.App. 1994).
On May 25, 2006, Mayfield filed a motion in the circuit court seeking reconsideration of his sentence, alleging that his sentence should be reevaluated pursuant to § 13A-5-9, Ala. Code 1975, as amended, and pursuant to the Supreme Court's holding in Kirby v. State, 899 So.2d 968 (Ala. 2004), because, he said, he was a nonviolent offender and he had not been convicted of a Class A felony. Specifically, Mayfield states that the two convictions used to enhance his sentence were for burglary in the third degree and receiving stolen property in the second degree but that his case action summary states that his sentence was enhanced with three prior felony convictions. On May 30, 2006, the trial court denied Mayfield's motion stating it had addressed the claim in a previously filed Rule 32, Ala.R.Crim.P., petition.[1] On December 1, 2001, the trial court ruled that because Mayfield had been sentenced to life imprisonment, as opposed to life imprisonment without the possibility of parole, he did not have jurisdiction to reduce or to modify the sentence. On March 15, 2002, this Court affirmed the trial court's denial of Mayfield's Rule 32 petition, by unpublished memorandum, stating that the effective date of the amendment to the Habitual Felony Offender Act was December 1, 2001, and because the trial court issued its ruling on October 18, 2001, the new amendment making the Habitual Felony Offender Act was not in effect when the trial court issued its ruling. Mayfield v. State (No. CR-01-0618),854 So.2d 1228 (Ala.Crim.App. 2002) (table).
On appeal, Mayfield argues that the circuit court abused its discretion when it denied his motion for sentence reconsideration, because, he says, the trial court did not make a proper determination of his eligibility for a reduction in sentence pursuant to § 13A-5-9.1, Ala. Code 1975.
After this Court released its unpublished memorandum in 2002 affirming the denial of Mayfield's Rule 32 petition, the Alabama Supreme Court held that the proper method by which an inmate should seek reconsideration of his or her sentence was by filing a motion for sentence reconsideration, rather than through petitioning the court pursuant to Rule 32, Ala. R.Crim.P. Kirby v. State, 899 So.2d 968 (Ala. 2004). InKirby, the Supreme Court discussed which inmates were eligible to seek resentencing, stating:
 "Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.
 "We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information *Page 801 
submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated."
899 So.2d at 974 (emphasis added).
Our examination of the record indicates that the conviction as to which Mayfield was seeking sentence reconsideration was for one count of first-degree theft of property, a Class B felony. See § 13A-8-3(d), Ala. Code 1975. Pursuant to § 13A-5-9, as it existed at the time of this conviction, the trial court was required to sentence May-field to life imprisonment, if it found that Mayfield had three or more prior felony convictions. After December 1, 2001, Mayfield fell within the category of inmates eligible to file a motion for sentence reconsideration, requesting that the trial court resentence him under the amended provisions of § 13A-5-9, Ala. Code 1975. SeeKirby, supra, 899 So.2d at 974; Mack v.State, 925 So.2d 999, 1001 (Ala.Crim.App. 2005). Accordingly, the trial court mistakenly concluded that Mayfield was not eligible to file a motion for reconsideration of his 1993 sentence for life imprisonment.
Because the trial court mistakenly concluded that Mayfield was not eligible to file a motion for sentence reconsideration and because some confusion exists concerning whether, at the time of sentencing, two prior felony convictions or three prior felony convictions were used to enhance May field's sentence, this case is remanded for the trial court to enter a new order addressing the merits of Mayfield's request that he be resentenced for the aforementioned Class B felony pursuant to § 13A-5-9(c)(2), as amended, effective May 25, 2000, and to determine whether he was properly sentenced following his 1993 conviction. The trial court's order shall specifically set out the number of prior felony convictions used to enhance Mayfield's sentence for first-degree theft, and it should list each of the convictions used to sentence Mayfield as a habitual offender. If the trial court determines that Mayfield was erroneously sentenced, it should resentence him in accordance with the provisions of § 13A-5-9, Ala. Code 1975.
The trial court shall make all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
[1] The circuit court had jurisdiction to consider the motion because Judge Wilson presided over Mayfield's trial. SeeHolt v. State, 960 So.2d 726, 735
(Ala.Crim.App. 2006).
* Note from the reporter of decisions: On August 17, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.
 *Page 440