KELLUM, Judge.
The appellant, Thomas Willie Buchan-non, appeals from the denial of his motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala.Code 1975. In 1997, Buchannon pleaded guilty to theft of property in the first degree. The circuit court sentenced Buchannon under the Habitual Felony Offender Act (“HFOA”) as a habitual felony offender to life imprisonment.
On September 14, 2011, Buchannon filed a motion for sentence reconsideration pursuant to § 13A-5-9.1. See Kirby v. State, 899 So.2d 968 (Ala.2004). In his motion, Buchannon contended that he was eligible for sentence reconsideration because he had been sentenced as a habitual felony offender to life imprisonment following his guilty-plea conviction for a Class B felony. Without requiring a response from the State, the circuit court entered an order on September 21, 2011, finding that it did not have authority to modify Buchannoris sentence under Kirby. Specifically, the circuit court found that Buchannon received a “ ‘life in prison’ sentence” and that the “Kirby decision only applies to persons who receive a [sentence of] ‘life without’ the possibility of parole.” (C. 9.) Buchan-non timely filed a postjudgment motion which the circuit court denied. This appeal followed.
On appeal, Buchannon contends that the circuit court abused its discretion when it ruled that he was not eligible for sentence reconsideration under § 13A-5-9.1 because, he argues, he was sentenced to life in prison as opposed to life in prison without the possibility of parole and, therefore, is eligible for sentence reconsideration pursuant to § 13A-5-9.1 and Kirby. The State concedes that the circuit court erred in determining that Buchannon was not eligible for sentence reconsideration.
In Kirby, the Supreme Court discussed which inmates were eligible to seek resen-tencing under § 13A-5-9.1, stating:
“Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon-conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.
‘We conclude that the state’s trial judges have the authority under the *1251 statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant’s underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the [Department of Corrections] and the Parole Board concerning the inmate’s behavior while incarcerated.”
899 So.2d at 974 (emphasis added).
In Holt v. State, 960 So.2d 726 (Ala. Crim.App.2006), this Court recognized that there are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1:
“(1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood [v. State, 915 So.2d 580, 584-85 (Ala. Crim.App.2005) ]; and (3) the inmate is a ‘nonviolent convicted offender.’ ”
960 So.2d at 734-35 (emphasis added).
Our examination of the record indicates that the conviction as to which Buchannon is seeking sentence reconsideration was for one count of theft of property in the first degree, a Class B felony. See § 13A-8 — 3(d), Ala.Code 1975. Pursuant to § 13A-5-9, as it existed at the time of this conviction, the circuit court was required to sentence Buchannon to life imprisonment, if it found that Buchannon had three or more prior felony convictions. After December 1, 2001, Buchannon fell within the category of inmates eligible to file a motion for sentence reconsideration, requesting that the trial court resentence him under the amended provisions of § 13A-5-9, Ala.Code 1975. See Kirby, supra, 899 So.2d at 974; Mack v. State, 925 So.2d 999, 1001 (Ala.Crim.App.2005). Accordingly, the circuit court mistakenly concluded that Buchannon was not eligible to file a motion for reconsideration of his 1997 sentence for life imprisonment.
Based on the foregoing, this case is remanded for the circuit court to enter a new order addressing the merits of Buchan-non’s request that he be resentenced for the aforementioned Class B felony pursuant to § 13A-5-9(c)(2), as amended, effective May 25, 2000. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

 Note from the reporter of decisions: On October 19, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.