KELLUM, Judge.
A delinquency petition was filed in the Jefferson Juvenile Court charging the appellant, D.I.J., a 16-year-old male, with two counts of theft of property in the first degree, a violation of § 13A-8-3, Ala.Code 1975, and one count of burglary in the third degree, a violation of § 13A-7-7, Ala. Code 1975. Following a bench trial, the juvenile court found that D.I.J. had committed the charged offenses and adjudicated him delinquent. The juvenile court ordered D.I.J. to be placed in the custody of the Department of Youth Services.
The evidence presented to the juvenile court established the following pertinent facts. On September 21, 2015, Kerry Dunn and his wife, Tieca Dunn, went to dinner to celebrate their wedding anniversary. When the Dunns returned to their house in Hueytown at approximately 8:00 p.m., their red Chevrolet Camaro automobile was being backed out of their driveway. They noticed someone in a black sport-utility vehicle (“SUV”) parked in front of their house. Dunn saw the person driving the Camaro but did not recognize him. The driver of the Camaro put the car in reverse and “shot around [Dunn].” (R. 12.) The driver of the SUV then began to drive away from the house. At first Dunn followed the Camaro, but after losing the Camaro Dunn began to pursue the SUV instead. Tieca telephoned the police during Dunn’s pursuit of the SUV. When *391 the police arrived, they chased the SUV until it wrecked. Police removed three males from the SUV, one of whom was lying in the back floorboard of the SUV and was later identified as D.I.J. Police searched the SUV and found Tieca’s purse, pillowcases, shoes including three pairs of Air Jordan shoes and a pair of Nike shoes, a laptop computer, prescription medication, clothes, and a piggy bank.
Approximately 10 minutes after the wreck occurred, Dunn and his wife returned to their house. Dunn noticed his 70-inch television lying in the ditch next to his mailbox. When Dunn 'unlocked the front door and entered the house, he saw that the house was in “pretty bad shape,” (R. 28.) The back door and the bedroom door had been kicked in, the refrigerator door and cabinet doors had been left open, and the mattress in the master bedroom had been flipped over. Dunn walked through the house without touching anything and waited outside for the police to arrive.
Dunn testified that several pairs of his Air Jordan sneakers were missing out of their boxes and that his wife’s Jessica Simpson brand shoes were also missing. Tieca testified that an Apple iPad, a wedding ring, a watch, and some costume jewelry were also missing. Before the police left, they > informed Dunn and Tieca that the Camaro had been recovered at .a Bessemer hotel; the keys were in the Camaro when it was found. The driver’s side front and back rims were bent and the paint was scratched. Dunn testified that the keys to the Camaro had been stolen from the nightstand in the' master bedroom, which he kept locked.
Chris Taylor, a police officer with the Hueytown Police Department, responded to a call regarding a vehicle theft at the Dunn’s house. Officer Taylor instructed Dunn to walk with him through the house to determine what items were missing. Dunn informed Officer Taylor that a Playstation 8 gaming console, two 32-inch flat screen Vizio brand televisions, an iPad, and approximately 12 pairs of shoes were missing.:
After all the evidence had been presented, the juvenile court adjudicated D.I.J. delinquent. D.I.J. filed a postjudgment motion for a judgment of acquittal in which he argued that his convictions for first-degree theft of property and third-degree burglary violated double-jeopardy principles and that the State failed to present sufficient evidence indicating that the items stolen from the Dunns’ house were worth $2,500 or greater, an element of first degree theft of property. The juvenile court denied D.I.J.’s postjudgment motion; this appeal followed.
I.
D.I.J. contends that the juvenile court erred by denying his motion for a judgment of acquittal on the charge of theft of property in the first degree for the items stolen from the Dunns’ house because, he argues, the State did not prove the value of the stolen items.[1]
‘““In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.” ’ Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim. App.1984), aff'd, 471 So.2d 493 (Ala.1985). ‘“The test used in determining *392 the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992). ‘“When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court’s decision.’” Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998), quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990). ‘The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.’ Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978).
“‘The trial court’s denial of a motion for judgment of acquittal must be reviewed by determining whether there was legal evidence before the jury at the time the motion was made from which the jury by fair inference could find the defendant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, this court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983). When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. McConnell v. State, 429 So.2d 662 (Ala.Cr.App.1983).’ ”
Gavin v. State, 891 So.2d 907, 974 (Ala.Crim.App.2003), cert. denied, 891 So.2d 998 (Ala.2004)(quoting Ward v. State, 610 So.2d 1190, 1191 (Ala.Crim.App.1992)).
Section 13A-8-2, Ala.Code 1975, provides that “[a] person commits the crime of theft of property if he or she ... [k]now-ingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his or her property.” Section 13A-8-3(a), Ala.Code 1975, states that the “theft of property which exceeds two thousand five hundred dollars ($2,500) in value, or property of any value taken from the person of another, constitutes theft of property in the first degree.” “Value” is defined as “[t]he market value of the property at the time and place of the criminal act.” § 13A-8-l(14), Ala.Code 1975. In Lasley v. State, 418 So.2d 193 (Ala.Crim.App.1982), this Court held that
“the value of stolen property may be proven by circumstantial evidence. 52A C.J.S. Larceny Section 133 (1968). Jurors may not infer the existence of value from an inspection of the thing itself, or from a description of it by witnesses, as this allows the jurors to become witnesses without being sworn and subject to examination. Mitchell v. State, 24 Ala.App. 570, 139 So. 109 (1932). This rule does not apply where the record reveals the ‘data’ the jury used to assess the value. Lucas v. State, 96 Ala, 51, 53 11 So. 216 (1891).”
Lasley, 418 So.2d at 194.
In this case, the State presented no evidence regarding the value of the items stolen from the Dunns’ house. Dunn and Tieca testified regarding what property was missing from their house following the burglary. Their testimony, along with the testimony of Officer Taylor, indicated that a laptop computer, purse, clothes, jewelry, a Playstation 3 gaming console, two 32- *393 inch flat screen Vizio brand televisions, an iPad, approximately 12 pairs of shoes, and a piggy bank containing an unspecified amount of money in it were stolen. Although Dunn, Tieca, and Officer Taylor presented a lengthy list of the items that were stolen, none of them testified regarding the value of any of those items.
Evidence tending to establish the value of the property stolen is necessary to sustain a conviction for theft of property in the first degree where a conviction on this charge required evidence that the property exceeded $2,500 in value. Compare Seaton v. State, 645 So.2d 341 (Ala.Crim.App.1994) (affirming conviction for theft of property in the first degree where victim testified that defendant stole five cows valued at approximately $600 each); Mayfield v. State, 641 So.2d 1294 (Ala.Crim.App.1994)(holding that State established prima facie case of first-degree theft of property where victim testified that value of items stolen exceeded statutory limits); and Hurst v. State, 402 So.2d 1124 (Ala.Crim.App.1981)(affirming conviction for theft of property where evidence established monetary value of stolen items). Because the State failed to present sufficient evidence showing that D.I.J, stole property exceeding $2,500 in value, it failed to establish a prima facie' case of theft of property in the first degree under § 13A-8-3(a), and the juvenile court erred in denying D.I.J,’s motion for a judgment of acquittal as to that charge.
II.
D.I.J. also contends that his adjudication based on two counts of theft of property in the first degree and one count of burglary in the third degree violates double-jeopardy principles because, he argues, “all three adjudications arose out of and [were] based on the same occurrence.” (D.LJ.’s brief, p. 9.)
Under the. principles of double jeopardy, “[t]he applicable rule is .that, where the same act or transaction constitutes a violation of two- -distinct statutory provisions, the test to be applied to, determine whether there are two offenses or only one, is whether, each provision- requires proof of a fact which, the other does not.” Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Therefore, “ ‘[a] single act may be an offense against two statutes; and if each statute requires‘proof of an additional fact which the other does not, an! acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.* ” ‘ Id. (quoting Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489, (1911), in turn quoting Morey v. Commonwealth, 108 Mass. 433 (1871)).
Contrary to D.I.J.’s claim, because the burglary and theft offenses-each required proof of an element not present in the other offense,-there was no-double-jeopardy violation in adjudicating- D.LJ. delinquent for third-degree burglary and first-degree theft arising out of the same course of conduct. See Ex parte Dixon, 804 So.2d 1075, 1078-79 (Ala.2000); Ex parte McKelvey, 630 So.2d 56, 57 (Ala.1992); and Vason v. State, 574 So.2d 860 (Ala.Crim.App.1990). However, D.I.J. is correct insofar as he argues’ that his adjudication based on two theft-of-property offenses arising out of a single theft constitutes a double-jeopardy violation.
“It is well settled that ‘[a] single crime cannot be divided into two or inore offenses and thereby subject the perpetrator to multiple convictions for the same offense.’ Ex parte Darby, 516 So.2d 786, 787 (Ala.1987). With respect to theft of property, this Court -has held that ‘[t]he State cannot convert a single *394 theft of various items of property stolen from the same victim in the same [transaction] into separate offenses by alleging the theft of different items in separate counts of the indictment.’ Pardue v. State, 571 So.2d 320, 330 (Ala.Crim.App.1989), rev’d on other grounds, 571 So.2d 333 (Ala.1990).
“In Connolly v. State, 539 So.2d 436 (Ala.Crim.App.1988), this Court held that a conviction for theft of an automobile barred a later charge for capital murder during a robbery involving property other than the automobile because the theft of the automobile and the theft of the other property occurred as a single transaction and, therefore, constituted a single offense of theft.”
Lynch v. State, [Ms. CR-14-1582, June 3, 2016] — So.3d -, -(Ala.Crim.App.2016).
Although charging D.I.J. with two counts of theft of property in the first degree constituted a double-jeopardy violation, our conclusion in Part I of this opinion that the State failed to prove a prima facie case of one count of theft of property in the first degree under § 13A-8-3(a) renders D.LJ.’s double-jeopardy argument moot.
Based on the foregoing, we affirm D.I.J.’s adjudication of delinquency based on one count of theft of property in the first degree and one count of burglary in the third degree. However, for the reasons set forth in Part I of this opinion, DJJ.’s adjudication of delinquency on the theft-of-property charge relating to items taken from the house is due to be set aside and a judgment rendered in D.I. J.’s favor.
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.
WELCH and BURKE, JJ., concur. WINDOM, P.J., and JOINER, J., concur in the result.

. D.I.J. does not challenge on appeal the sufficiency of the evidence to sustain his conviction for theft of property in the first degree for the theft of the Camaro.