The petitioner, Jeffrey Lee McKelvey, was convicted of burglary in the third degree and theft in the first degree. The trial court sentenced him to serve 15 years' imprisonment for the burglary conviction and 20 years' imprisonment for the theft conviction. The sentences were to run consecutively.
McKelvey appealed his convictions and sentencing to the Court of Criminal Appeals on the grounds that (1) he was improperly sentenced to separate sentences on the burglary and theft convictions, because both charges arose from the same act, (2) his confession was improperly admitted into evidence because he was under the influence of cocaine and marijuana when he confessed, and (3) the trial court made an improper statement pursuant to the answer given by a member of the venire that McKelvey "was a friend of my son and I signed his bond to get him out of jail," to which the court responded that "[the venire member] did not sign the bond as surety in this case as far as I can determine from the Court file." McKelvey contended that that statement could have been construed by the remainder of the venire to mean that McKelvey had other criminal charges against him.
The Court of Criminal Appeals, by unpublished memorandum, affirmed both convictions. 595 So.2d 922 (1991). McKelvey petitioned this Court for a writ of certiorari. We issued the writ only to determine whether McKelvey was improperly sentenced to consecutive sentences with regard to the burglary and theft convictions. We now remand to the Court of Criminal Appeals for further consideration of this issue.
The Court of Criminal Appeals wrote in its memorandum that McKelvey had not preserved this issue for appeal because he had not objected at trial and that it was procedurally barred according to Harmon v. State, 543 So.2d 715 (Ala.Cr.App. 1987), reversed on other grounds, 543 So.2d 716 (Ala. 1988), overruled in part on other grounds by Vason v. State, 574 So.2d 860, 863
(Ala.Cr.App. 1990). *Page 57 
In Harmon, the petitioner was convicted of escape in the third degree, burglary in the third degree, and theft in the second degree. Although the burglary and theft convictions stemmed from the same act, Harmon received consecutive sentences for them. Harmon filed a petition for writ of error coram nobis with the trial court, contesting the validity of his convictions, and the court held a hearing on the matter. The writ was denied and Harmon appealed the denial to the Court of Criminal Appeals. Harmon argued that he should not have received separate sentences for the third degree burglary and the second degree theft on a joint indictment. The Court of Criminal Appeals held that Harmon had not preserved the issue by presenting it to the trial court, either in his petition for writ of error coram nobis, or at the hearing, and that the issue was therefore procedurally barred. 543 So.2d at 716. This Court reversed, finding that although the issue Harmon had presented in his pro se petition to the trial court was "whether it was error to try him on both [the burglary and theft] charges," it was obvious that "the gist of his petition [was] an attack on the convictions and sentences he received." Id. at 717. We, therefore, held that Harmon had specifically raised the issue in his petition for writ of error coram nobis and that he had thus preserved the issue for review. 543 So.2d at 717.
We have not previously addressed whether the question of an improper sentence can be raised on direct appeal or must be raised only by the filing of a post-conviction petition. We note that in Harmon, this Court did not say that the issue of improper sentencing could not be raised for the first time on appeal rather than in a petition for the writ of error coram nobis. We now hold that the issue can be raised on direct appeal.
Rule 32.1, A.R.Cr.P., provides:
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
". . . .
 "(b) The court was without jurisdiction to render judgment or to impose sentence."
Rule 32.2(a), A.R.Cr.P., provides:
 "A petitioner will not be given relief under this rule based upon any ground:
". . . .
 "(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b). . . ."
It is obvious that under Rule 32 a petitioner is entitled to institute post-conviction proceedings in the trial court in which he was convicted and sentenced if that court "was without jurisdiction to render judgment or to impose sentence." Therefore, if the petitioner is not barred from raising an issue regarding improper sentencing for the first time in a post-conviction petition, we can find no reason that he should not be allowed to raise the issue for the first time on appeal, even though it was not raised in the trial court. If the trial court imposed the sentence on McKelvey without jurisdiction to impose the consecutive sentences for burglary and theft, then McKelvey's ground for appeal was not procedurally barred by his failure to object at his sentencing hearing.
We now address the merit of McKelvey's claim. Section 15-3-8,Code of Alabama 1975, provides:
 "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
In accordance with this statute, the appellate courts of this state have consistently held that where a defendant is charged with both burglary and theft (or larceny)[1] arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. Vason v. State,574 So.2d 860, 863 (Ala.Crim.App. 1990) *Page 58 
(holding that although the defendant could receive only one sentence for two offenses arising out of the same transaction, the defendant was properly convicted of both burglary and theft that arose from the same transaction); Ex parte Harmon,543 So.2d 716, 717 (Ala. 1988) (in which this Court reversed the Court of Criminal Appeals' holding that the defendant had not preserved for review the issue of his consecutive sentences for convictions of burglary and theft, and remanded the case to the Court of Criminal Appeals "to determine whether [the defendant] was in fact subject to the imposition of separate sentences");Gray v. State, 338 So.2d 444 (Ala.Cr.App.), cert. denied,338 So.2d 445 (Ala. 1976); Wade v. State, 42 Ala. App. 400, 401,166 So.2d 739 (1964) (the Court of Appeals held that "where the same transaction supports both grand larceny and burglary, on conviction there can be but one punishment"); Wildman v. State,42 Ala. App. 357, 165 So.2d 396 (1963), writ denied, 276 Ala. 708, 165 So.2d 403 (1964) (the Alabama Court of Appeals held that "[g]rand larceny and burglary are of the same kindred of crimes," and that "[w]here the identical transaction is the foundation, a verdict of guilt of one excludes a like finding of the other"; modified on rehearing to hold that the statutory prohibition against double punishment does not forbid convictions for both charges and does not forbid concurrent sentences — only double punishment).
Because we hold that the issue of the allegedly improper sentence could be raised on direct appeal, we remand this cause to the Court of Criminal Appeals for its further consideration, to determine whether the petitioner's convictions for burglary and theft arose from the same "act or omission" within the meaning of Code of Alabama 1975, § 15-3-8, and to make a return to this Court within 56 days from the issuance of the certificate of judgment in this case.
REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The grand larceny statute was repealed when the new Criminal Code became effective January 1, 1980, and the crime of grand larceny is now encompassed within the classifications of theft.Parker v. State, 516 So.2d 859, 864 (Ala.Cr.App. 1987).