AFTER REMAND
This Court affirmed the appellant's convictions for third degree burglary and first degree theft in an unpublished memorandum. McKelvey v. State, 595 So.2d 922 (Ala.Cr.App. 1991) (table). In its memorandum this Court held:
 "The appellant's argument that he was improperly sentenced to separate consecutive *Page 59 
sentences because the burglary and theft charges allegedly arose from the same act was not preserved for review by objection at trial."
In reviewing that decision, the Alabama Supreme Court held that "the issue of the allegedly improper sentence could be raised on direct appeal." Ex parte McKelvey, 630 So.2d 56, 58
(Ala. 1992). That court then remanded the cause to this Court with directions for this Court "to determine whether the petitioner's convictions for burglary and theft arose from the same 'act or omission' within the meaning of Code of Alabama
1975, § 15-3-8, and to make a return to this Court within 56 days from the issuance of the certificate of judgment in this case." McKelvey, 630 So.2d at 58.
Section 15-3-8 provides:
 "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
The appellant was indicted for burglary with the intent to commit a theft. He was also indicted for the theft of the same property taken in that burglary. Here, "the uncontradicted evidence of the completed act of [theft] stands alone to support the allegation of the [defendant's] intent when he entered the premises into which he had broken." Wildman v.State, 42 Ala. App. 357, 363, 165 So.2d 396, 403 (1963), cert. denied, 276 Ala. 708, 165 So.2d 403 (1964). See also Vason v.State, 574 So.2d 860 (Ala.Cr.App. 1990).
In response to the instructions of the Alabama Supreme Court on remand, this Court finds that the appellant's convictions for burglary and theft arose from the same "act or omission" within the meaning of Code of Alabama 1975, § 15-3-8. This Court has no authority to address any question other than that specifically presented on remand from the Alabama Supreme Court. Lynch v. State, 587 So.2d 306, 307-08 (Ala. 1991). Therefore, this case is returned to the Alabama Supreme Court.
DETERMINATION MADE IN ACCORDANCE WITH DIRECTIONS OF ALABAMA SUPREME COURT.
All Judges concur.