ON RETURN FROM REMAND

MADDOX, Justice.
The Court of Criminal Appeals affirmed Jeffrey Lee McKelvey’s convictions for third degree burglary and first degree theft, by an unpublished memorandum. McKelvey v. State, 595 So.2d 922 (Ala.Cr.App.1991) (table). This Court granted certiorari review; by an opinion of July 24, 1992, this Court held that McKelvey could raise for the first time on appeal his claim that he was improperly sentenced, and we remanded the cause to the Court of Criminal Appeals with directions “to determine whether the petitioner’s convictions for burglary and theft arose from the same ‘act or omission’ within the meaning of Code of Alabama 1975, § 15-3-8, and to make a return to this Court within 56 *60 days from the issuance of the certificate of judgment in this case.” 630 So.2d 56, 58.
On remand, the Court of Criminal Appeals found “that the appellant’s convictions for burglary and theft arose from the same ‘act or omission’ within the meaning of Code of Alabama 1975, § 15-3-8,” but determined that it had no authority “to address any question other than that specifically presented on remand” from this Court. McKelvey v. State, 630 So.2d 58 (Ala.Cr.App.1992).
Having determined that the Court of Criminal Appeals erred in holding that McKelvey’s argument that he was improperly sentenced had not been preserved for review, we now reverse the judgment of af-firmance and remand the cause to the Court of Criminal Appeals for further consideration in light of this determination. In doing so, we do not address MeKelvey’s argument that he was improperly sentenced or his argument that his • confession was inadmissible.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.