AFTER REMAND
In an unpublished memorandum, this Court affirmed the appellant's convictions for third degree burglary and first degree theft. McKelvey v. State, 595 So.2d 922
(Ala.Cr.App. 1991) (table). On certiorari review, the Alabama Supreme Court held that McKelvey could raise for the first time on direct appeal his claim that he was improperly sentenced. Exparte McKelvey, 630 So.2d 56 (Ala. 1992). On remand, this Court, in response to the directions of the Supreme Court, found that "the appellant's convictions for burglary and theft arose from the same 'act or omission' within the meaning of Code ofAlabama 1975, § 15-3-8." McKelvey v. State, 630 So.2d 58
(Ala.Cr.App. 1992). On return from remand, the Supreme Court "reverse[d] the judgment of affirmance and remand[ed] the cause to the Court of Criminal Appeals for further consideration in light of this determination. In doing so, we do not address McKelvey's argument that he was improperly sentenced or his argument that his confession was inadmissible." Ex parteMcKelvey, 630 So.2d 59 (Ala. 1993). This Court received the remand of this case from the Alabama Supreme Court on August 16, 1993.
 I.
In Ex parte McKelvey, 630 So.2d 56, 57-58 (Ala. 1992), our Supreme Court stated:
 "We now address the merit of McKelvey's claim. Section 15-3-8, Code of Alabama 1975, provides:
 " 'Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision.'
 "In accordance with this statute, the appellate courts of this state have consistently held that where a defendant is charged with both burglary and theft (or larceny) arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. Vason v. State, 574 So.2d 860, 863
(Ala.Crim.App. 1990) (holding that although the defendant could receive only one sentence for two offenses arising out of the same transaction, the defendant was properly convicted of both burglary and theft that arose from the same transaction); Ex parte Harmon, 543 So.2d 716, 717 (Ala. 1988) (in which this Court reversed the Court of Criminal Appeals' holding that the defendant had not preserved for review the issue of his consecutive sentences for convictions of burglary and theft, and remanded the case to the Court of Criminal Appeals 'to determine whether [the defendant] was in fact subject to the imposition of separate sentences'); Gray v. State, 338 So.2d 444 (Ala.Cr.App.), cert. denied, 338 So.2d 445 (Ala. 1976); Wade v. State, 42 Ala. App. 400, 401, 166 So.2d 739 (1964) (the Court of Appeals held that 'where the same transaction supports both grand larceny and burglary, on conviction there can be but one punishment'); Wildman v. State, 42 Ala. App. 357, 165 So.2d 396
(1963), writ denied, 276 Ala. 708, 165 So.2d 403
(1964) (the Alabama Court of Appeals held that '[g]rand larceny and burglary are of the same kindred of crimes,' and that '[w]where the identical transaction is the foundation, a verdict of guilt of one excludes a like finding of the other'; modified on rehearing to hold that the statutory prohibition against double punishment does not forbid convictions for both charges and does not forbid concurrent sentences — only double punishment)." (Footnote omitted.)
Because the appellant's convictions for burglary and theft arose out of the same transaction, he cannot besentenced for both of those offenses. While the appellant can be convicted for both burglary and theft, he can receive only one punishment. Under the authorities cited in Ex parteMcKelvey, 630 So.2d 56, 57-58 (Ala. 1992), the trial court may either set aside one of the appellant's convictions or order the sentences to run concurrently. In such a case as this, we *Page 62 
suggest that the trial court set aside one of the convictions and impose only one sentence in order to avoid any potential future difficulty in determining the number of convictions for purposes of applying the Habitual Felony Offender Act. Therefore, this cause is remanded for proper sentencing.
 II.
On original submission, in our unpublished memorandum, this Court held:
 "The appellant contends that his confession should not have been admitted into evidence because he was under the influence of cocaine and marijuana when he confessed. However, the interrogating officer testified that the appellant appeared sober and not intoxicated. This was a question of conflicting evidence for the trial judge. 'Where the evidence of voluntariness is conflicting, and even where there is credible testimony to the contrary, the trial judge's finding of voluntariness must be upheld unless palpably contrary to the weight of the evidence.' Dixon v. State, [588 So.2d 903, 908] (Ala. 1991) [, cert. denied, ___ U.S. ___, 112 S.Ct. 904
[116 L.Ed.2d 805] (1992). Accord] Hubbard v. State, 500 So.2d 1204, 1218 (Ala.Cr.App.), affirmed, 500 So.2d 1231 (Ala. 1986) [, cert. denied, 480 U.S. 940
[107 S.Ct. 1591, 94 L.Ed.2d 780] (1987)]."
During the trial, a hearing was held on the appellant's motion to suppress his confession. At that hearing, the appellant testified that at the time he was taken into custody he was under the influence of cocaine and marijuana; that he had been using cocaine intravenously almost every day for approximately two months prior to his arrest; and that he had "done cocaine" on the day of his arrest.
However, there was evidence that the appellant's statement was taken at 6:15 on the night of December 28, 1989, the day after the appellant had been taken into custody.
When asked whether it was possible that the appellant could have been using cocaine the day he made his statement, Decatur Police Detective Gary Walker testified, "No, sir. . . . He was arrested the day before, caught in the act of burglarizing a house. The day after he was arrested I interviewed him. He might have used something the day he was arrested, but the day I interviewed him, no sir, he didn't." R. 118, 119. Walker testified that at the time he interviewed the appellant, the appellant "appeared to be straight to me. I thought he was sober." R. 120. According to Walker, the appellant did not exhibit any indication that he was intoxicated or that he did not know what he was doing.
Cynthia Hill, the appellant's sister, testified that on the night of the interrogation, Detective Walker told her that the appellant had a severe cocaine problem and he "had the appearance of coming down off of cocaine. He was real sweaty and trembling and he wanted to make sure that I knew that Jeff had a cocaine problem." R. 128. However, Walker denied making this statement.
In addition to Detective Walker's testimony, there are additional factors that support the trial judge's determination of voluntariness: The appellant signed the statement and he also initialed two mistakes the detective made when he transcribed the appellant's oral statement. Although the statement is relatively short, it is detailed and contains specific facts including names, dates, times, and places.
 " '[A] statement made subsequent to an arrest is prima facie involuntary and inadmissible at trial; thus the State must prove the statement was voluntarily made and must lay a Miranda predicate before the statement is admissible. Whether a waiver is voluntarily, knowingly, and intelligently made depends upon the particular underlying facts and circumstances of each case, including the background, experience, and conduct of the accused — the totality of the circumstances. . . . The trial judge need only be convinced from a preponderance of the evidence to find a confession to have been voluntarily made. The voluntariness of a statement is a question of law for the court, to be determined upon preliminary proof, taken outside the presence of the jury, and such finding will not be disturbed on appeal unless it appears contrary to the great weight of the evidence, or is manifestly wrong.' " *Page 63 
Ex parte Williams, 627 So.2d 999, 1002-1003 (Ala. 1993) (quotingJackson v. State, 516 So.2d 726, 741 (Ala.Cr.App. 1985), remanded on other grounds, 516 So.2d 768 (Ala. 1987)) (citations omitted). "When there is conflicting evidence of the circumstances surrounding an incriminating statement or a confession, it is the duty of the trial judge to determine its admissibility, and if the trial judge decides it is admissible his decision will not be disturbed on appeal 'unless found to be manifestly contrary to the weight of the evidence.' " Exparte Matthews, 601 So.2d 52, 53 (Ala. 1992), cert. denied, ___ U.S. ___, 112 S.Ct. 2996, 120 L.Ed.2d 872 (1992).
 III.
During the voir dire of the jury venire, a veniremember responded in the following manner to the prosecutor's question of whether he could apply the law to the facts of this case: "He was a friend of my son and I signed his bond to get him out of jail." R. 12. The trial judge then stated: "Let me state for the record that she did not sign the bond as surety in this case as far as I can determine from the Court file." R. 13. Defense counsel then made a "motion for a new trial based upon the ground that the jury has heard evidence that the defendant has been charged in other crimes." R. 14. That motion was overruled without comment by the trial judge.
The evidence against the appellant was substantial and included his own confession. He presented no evidence at trial. Under the circumstances of this case, the failure of the trial court, on its own, to give curative instructions or to grant a new trial was not reversible error because the substantial rights of the appellant were not injuriously affected. SeeCampbell v. State, 570 So.2d 1276, 1281 (Ala.Cr.App. 1990).
This cause is remanded to the trial court for proper sentencing as set out in Part I of this opinion. Within 60 days from the date of this opinion, the trial court shall file a return in this Court evidencing the resentencing. Unless waived, the appellant, together with his attorney, has the right to be present at resentencing.
REMANDED WITH DIRECTIONS.
All Judges concur.