The appellant, Eddie Robertson, was convicted of burglary in the first degree, rape in the first degree, and robbery in the first degree. He was sentenced to life imprisonment without the possibility of parole for each offense. The trial court did not indicate whether these sentences were to be served concurrently or consecutively; therefore, the sentences are deemed to run consecutively. Rule 26.12(a), A.R.Crim.P.
 I
The appellant contends that it was error for the trial court to allow the state to present evidence of an unrelated burglary. The trial court allowed the state to present evidence of a burglary of a neighbor of the victim under the identity exception to the general exclusionary rule regarding evidence of collateral crimes. The identity exception to the general exclusionary rule is applicable only when the identity of the person who committed the charged crime is in issue and the crime was committed in some novel or peculiar manner. C. Gamble, McElroy's Alabama Evidence, § 69.01(8) (4th ed. 1991). When identity is in issue and the crimes were similar, the state may show that the accused has committed similar offenses in the same manner as evidence that the accused has committed the charged crime. McElroy's.
The appellant argues that because he merely pleaded not guilty and presented no evidence on his behalf at trial, identity was not an issue in this case and cites Williams v.State, 350 So.2d 708 (Ala. 1977), as support for that argument. This case, however, is distinguishable from Williams. InWilliams, an eyewitness positively identified the defendant as the person who committed the crime.
Here, neither the victim nor anyone else could identify the appellant as the perpetrator. Therefore, identity was very much at issue. See Bradley v. State, 577 So.2d 541
(Ala.Cr.App. 1990).
The appellant also contends that the collateral offense and the offenses in this case were not so similar as to warrant allowing the state to present evidence of this collateral crime. Although there were differences, there were many similarities. The victims were both elderly widows, for whom Mr. Forest Bridges had performed work. Mr. Bridges had employed the appellant to assist him with the work at the women's houses. The two houses are within several hundred yards of one another and the collateral offenses and the charged offenses occurred within a week of each other.[1] Both houses were entered from a side window. The telephone cord in each house was cut. The similarities in the location, time, and manner and the fact that the appellant had contact with both victims through Mr. Bridges supports a logical inference that the appellant committed both crimes. Nicks v. State, 521 So.2d 1018
(Ala.Cr.App. 1987), aff'd, 521 So.2d 1035 (Ala.), cert. denied,487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988).
The trial court did not err in allowing into evidence the evidence of the collateral burglary.
 II
The appellant argues that the doctrine of collateral estoppel prevents his being convicted of the three offenses burglary, rape, and robbery. "[Collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v.Swenson, 397 U.S. 436, 442, 90 S.Ct. 1189, 1195,25 L.Ed.2d 469, 475 (1970). The doctrine of collateral estoppel is not applicable here because there had been no prior judgment in this case.
 III
Last, the appellant contends that his sentences should not be consecutive for the three offenses that arose out of one transaction, i.e, burglary, robbery, and rape. He contends that the imposition of three consecutive sentences violates his right against double jeopardy. Legal precedent supports the appellant's position.
Section 15-3-8 states: *Page 931 
 "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
(Emphasis added.)
The Alabama Supreme Court in Ex parte McKelvey, 630 So.2d 56
(Ala. 1992), applying § 15-3-8, stated:
 "[T]he appellate courts of this state have consistently held that where a defendant is charged with both burglary and theft (or larceny) arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment."
The McKelvey case controls this case. According to McKelvey, the appellant could have been sentenced to two concurrent sentences here, one sentence for the burglary/robbery conviction and one sentence for the burglary/rape conviction.
Accordingly, this cause is remanded to the Circuit Court for Tuscaloosa County for resentencing. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] The exact date on which the collateral burglary occurred is not known. The victim of that burglary was in the nursing home at the time of the incident. However, it was established that no more than a week passed between the two incidents.