ON RETURN TO REMAND

TAYLOR, Judge.
The appellant, Eddie Robertson, was convicted of burglary in the first degree, rape in *932 the first degree, and robbery in the first degree. All of these acts arose out of one incident. The appellant was sentenced to life imprisonment without parole on each count, those sentences to be served consecutively. Under the authority of Ex parte McKelvey, 630 So.2d 56 (Ala.1992), we remanded this case for a new sentencing hearing so that the trial court could impose two sentences to be served concurrently: one sentence for the burglary/robbery conviction and one sentence for the burglary/rape conviction. Robertson v. State, 680 So.2d 929 (Ala.Cr.App.1994).
The trial court held a new sentencing hearing, at which it complied with our directions and sentenced the appellant according to our instructions. The court noted its concern in imposing concurrent sentences in the appellant’s ease and in future cases like the appellant’s. We share the court’s concerns. However, this court is bound by the decisions of the Alabama Supreme Court. § 12-3-16, Code of Alabama 1975, states:
“The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the supreme court....”
Upon first glance it would appear that the appellant could be sentenced for three separate crimes based on the United States Supreme Court’s holding in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). A single transaction may violate more than one criminal statute. The test for determining whether a single transaction is one offense or two distinct offenses for double jeopardy purposes is whether each offense requires proof of a statutory element that the other does not.

Blockburger.

Here, all three offenses required proof of distinct elements not required by the others. Rape required proof of forcible compulsion plus sexual intercourse, which was not required to prove the other offenses. Proof that the appellant committed a robbery did not require proof that the appellant entered or remained unlawfully in the victim’s house, which would be required to prove a burglary. Likewise, proof that the appellant committed a burglary did not require proof that the appellant used force or threat of force to take property from the victim. “ ‘Burglary, even where the intent be to commit rape, and rape are separate and distinct offenses,’ Beckley v. State, 357 So.2d 1022, 1024 (Ala.Cr.App.1978), as each involves proof of facts not required by the other. See Ala.Code 1975 §§ 13A-7-5, 13A-6-61.” McLemore v. State, 562 So.2d 639, 649 (Ala.Cr.App.1989).
However, Blockburger does not control this issue. The Alabama Supreme Court specifically addressed this issue in the case of Ex parte McKelvey. The court stated:
“In accordance with this statute, the appellate courts of this state have consistently held that where a defendant is charged with both burglary and theft (or larceny) arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. Vason v. State, 574 So.2d 860, 863 (Ala.Crim.App.1990) (holding that although the defendant could receive only one sentence for two offenses arising out of the same transaction, the defendant was properly convicted of both burglary and theft that arose from the same transaction); Ex parte Harmon, 543 So.2d 716, 717 (Ala.1988) (in which this Court reversed the Court of Criminal Appeals’ holding that the defendant had not preserved for review the issue of his consecutive sentences for convictions of burglary and theft, and remanded the ease to the Court of Criminal Appeals ‘to determine whether [the defendant] was in fact subject to the imposition of separate sentences’); Gray v. State, 338 So.2d 444 (Ala.Cr.App.), cert. denied, 338 So.2d 445 (Ala.1976); Wade v. State, 42 Ala.App. 400, 401, 166 So.2d 739 (1964) (the Court of Appeals held that ‘where the same transaction supports both grand larceny and burglary, on conviction there can be but one punishment’); Wildman v. State, 42 Ala.App. 357, 165 So.2d 396 (1963), writ denied, 276 Ala. 708, 165 So.2d 403 (1964) (the Alabama Court of Appeals held that ‘grand larceny *933 and burglary are of the same kindred of crimes,’ and that ‘where the identical transaction is the foundation, a verdict of guilt of one excludes a like finding of the other’; modified on rehearing to hold that the statutory prohibition against double punishment does not forbid convictions for both charges and does not forbid concurrent sentences — only double punishment).”
McKelvey, 630 So.2d at 57-58. (Footnote omitted; emphasis added.)
This court is bound by McKelvey. The appellant could be sentenced only to two concurrent sentences here, one sentence for the burglary/robbery conviction and one sentence for the burglary/rape conviction.
The trial court has sentenced the appellant according to our direction. The appellant’s conviction and sentence are therefore affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.