On Applications for Rehearing

PATTERSON, Judge.
Both the appellant and the appellee have filed applications for rehearing. The appel-lee has also filed a motion pursuant to Ala. RApp.P. 39(k), requesting that we extend our original opinion and find certain additional facts.
The appellant filed his application for rehearing, with supporting brief, on August 10, 1995. He seeks a rehearing on all issues heretofore raised in his briefs on appeal. He raises no new issues in his application, and all issues raised therein were fully addressed and considered by us in our opinions of June 16, 1995, and September 8, 1995, affirming the convictions and sentences. In considering the appellant’s application for rehearing, we have reviewed our opinions and our judgment affirming the trial court, and have considered the appellant’s brief filed in support of his application, as well as his briefs heretofore filed on appeal, and we are not persuaded to alter our holding. The appellant’s application for rehearing is overruled.
The appellee filed its application for rehearing and Rule 39(k) motion, with supporting brief, on September 22, 1995. In its application, it seeks a reversal of our judgment holding that the appellant could not be punished for burglary and theft arising out of the same transaction (CC-91-2533, CC-91-2534, CC-91-2535, CC-91-2536). It argues that the rule prohibiting double punishment for burglary and theft arising out of the same transaction is “ill conceived and should be discarded.” It relies principally on Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and calls our attention to Robertson v. State, 680 So.2d 931 (Ala.Cr.App.1994), pending in the Alabama Supreme Court on petition for the writ of certiorari. We remanded this case to the trial court for a new sentencing hearing in the burglary and theft cases cited above on the authority of Ex parte McKelvey, 630 So.2d 56 (Ala.1992). In McKelvey, the Alabama Supreme Court held that a defendant convicted of both burglary and theft arising from the same transaction may receive only one sentence. This court is bound by the decisions of the Alabama Supreme Court. Ala.Code 1975, § 12-3-16. See McKelvey v. State, 630 So.2d 60 (Ala.Cr.App.1993); Pardue v. State, 571 So.2d 320 (Ala.Cr.App.1989). The appellee’s application for rehearing is overruled.
The appellee’s Rule 39(k) motion seeking a finding of additional facts is due to be denied. The additional facts sought are set out in our opinion of June 16,1995.
APPLICATIONS FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED.
All Judges concur.