Nathaniel LeRoy Dawson was convicted of first degree burglary, first degree rape, first degree sodomy, and first degree robbery and was subsequently sentenced to four consecutive terms of life imprisonment.[1] Dawson appealed, contending, among other things, that all of the offenses arose from a single transaction and that he, therefore, should not have been sentenced to four consecutive life terms. The Court of Criminal Appeals affirmed the trial court's judgment, holding that the trial court had not violated the prohibition against double jeopardy by sentencing Dawson to four consecutive life terms. Specifically, that court held that Dawson's consecutive sentences must be construed as punishments for different offenses. Dawson v. State, 675 So.2d 897
(Ala.Cr.App. 1995).
However, in affirming, the Court of Criminal Appeals reversed its earlier holding in a factually similar case, Robertson v.State, [Ms. CR-93-0735, July 8, 1994] ___ So.2d ___ (Ala.Cr.App. 1994). In Robertson, citing Ex parte McKelvey,630 So.2d 56 (Ala. 1992), the Court of Criminal Appeals had held that the defendant could receive only one punishment for his three convictions, because that court construed the three crimes as constituting "the same act." Robertson is presently before this Court. We granted the State's petition for certiorari review in Robertson to determine if the Court of Criminal Appeals erred in holding that the multiple sentences violated the prohibition against double jeopardy. We then granted Dawson's petition for certiorari review on this same issue.
The pertinent facts as they relate to the double jeopardy issue are as follows: On July 31, 1993, V.T., the victim, and a five-month-old child, who was sleeping with her, were awakened by what V.T. called a "boom" sound. When she got up, she saw two men, one of whom she later identified as Dawson, in the hallway of her home, and she saw that her door had been broken. She then ran back into her bedroom, where the baby was, and shut the door. Dawson and the other man entered the bedroom and began asking for money and jewelry. Dawson told her to put the baby down and to take off her clothes. When she refused, Dawson put a knife on the baby and said that he would kill both of them if she did not do as she was told. She then took off her clothes and lay back on the bed as instructed by Dawson and the other man. Dawson then raped her, while the other man watched. The other man then raped her. While the other man was raping V.T., Dawson pressed the knife to her neck and told her that he would slash her neck if she did not perform oral sex on him. The other man then made her perform oral sex on him, and for a while they went back *Page 907 
and forth with her. When they stopped raping and sodomizing V.T., Dawson tied her up in a chair in the bedroom while she was still naked. He used telephone cords to tie her up and wrapped her mouth with an umbrella cover. They then dumped the contents of her purse on the floor and took her car keys. V.T. testified that she heard them move and knock over things in her home and that she could see them putting things in the car. After they had left, V.T. freed herself and telephoned 911. The police came and determined that Dawson and the other man had taken televisions and a VCR from her home, her 1991 model automobile, stereo speakers, and a black cellular telephone. The police testified that when they arrived at V.T.'s home, the door had been broken and the inside of the home looked as if a tornado had hit.
Dawson, along with the other man involved, Mark Keith Glaster, was charged with, and was convicted of, first degree burglary, first degree rape, first degree sodomy, and first degree robbery. As noted above, the Court of Criminal Appeals affirmed.
In 1932, the United States Supreme Court held that multiple punishments for multiple statutory offenses do not violate the prohibition against double jeopardy where each statutory offense requires proof of an additional fact that the other statutory offenses do not require. Blockburger v. UnitedStates, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In other words, as long as each statutory offense requires proof of additional facts, the double jeopardy prohibition is not implicated.
However, in 1992, this Court held that where a defendant is charged with both burglary and theft arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. Ex parte McKelvey, 630 So.2d 56
(Ala. 1992). As the Court of Criminal Appeals noted in its opinion in this present case, 630 So.2d at 58, McKelvey relies on the fact that "[theft] and burglary are of the same kindred of crimes." 630 So.2d at 58. That court held, and we agree, that the rationale in McKelvey concerning theft-burglary situations constitutes a narrow exception to the Blockburger
double jeopardy test.
Therefore, this case is distinguishable fromMcKelvey, and the only question here is whether, according to the Blockburger test, Dawson committed four separate offenses.
Judge Patterson, writing for the Court of Criminal Appeals, held that Dawson had committed four separate offenses, namely, burglary, robbery, rape, and sodomy. 630 So.2d at 58. We agree. Judge Patterson added:
 " ' "[B]urglary, even where the intent be to commit rape, and rape are separate and distinct offenses," as each involves proof of facts not required by the other. The same is true concerning burglary and sodomy. First degree rape and first degree sodomy are similar in that both require proof of "forcible compulsion." However, rape also requires proof of "sexual intercourse," as opposed to sodomy, which requires the additional proof of "deviate sexual intercourse." The definitions of "sexual intercourse," and "deviate sexual intercourse" being quite different, we conclude that rape and sodomy each "has at least one statutory element that the other does not." Although there was, as McLemore contends, only one "transaction," there were three different crimes committed during this continuing transaction and McLemore may be convicted and punished separately for each of them.' "
 "McLemore v. State, 562 So.2d 639, 649-50
(Ala.Cr.App. 1989)."
630 So.2d at 58 (citations omitted).
V.T. awoke when Dawson forcibly entered her home by kicking her door open. When she first saw the intruders, one of them was standing in the hall holding a knife. A jury could reasonably infer from these facts that Dawson intended to commit a felony. Furthermore, these facts were not necessary to prove either robbery, rape, or sodomy. Therefore Dawson's consecutive sentences for burglary, robbery, rape, and sodomy must be construed as punishments for different offenses. They do not constitute double jeopardy under theBlockburger test, and they do not fall within the narrow exception *Page 908 
to Blockburger carved out in McKelvey. Accordingly, the judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
[1] Mark Keith Glaster was tried with Dawson. He was convicted of the same offenses and received the same sentences. However, Glaster is not a party to this petition for the writ of certiorari.