INGRAM, Justice.
Eddie Robertson was convicted of first degree burglary, first degree rape, and first degree robbery and was subsequently sentenced to three consecutive terms of life imprisonment without the possibility of parole. He appealed to the Court of Criminal Appeals, contending that all of his offenses arose from a single transaction and that he, therefore, should not have been sentenced to three consecutive life terms. Specifically, he argued that the imposition of three consecutive sentences violated his right against double jeopardy. The Court of Criminal Appeals agreed and reversed. Robertson v. State, 680 So.2d 929 (Ala.Crim.App.1994). The Court of Criminal Appeals held that Ex parte McKelvey, 630 So.2d 56 (Ala.1992), was' controlling. We granted the State’s petition for the writ of certiorari to consider whether *934 the Court of Criminal Appeals misapplied McKelvey.[1]
The pertinent facts as they relate to the double jeopardy issue are as follows: The victim, an 87-year-old woman, was at home studying her Sunday school lesson, when she heard a noise. She went to investigate the noise, and as she entered her bedroom doorway, she was grabbed from behind by Robertson, who had broken into her home. Robertson dragged her into the bedroom, removed her pantyhose, and raped her. The victim testified that she thought she felt a gun or knife on Robertson as he was raping her. Robertson then forced her to lie on the bed and tied her feet and ankles. He then asked her where her money was. Robertson retrieved her purse from the den, emptied its contents, and removed approximately $140. He then rummaged through the victim’s dresser drawers and closets and, finding nothing of value, left through the bedroom window through which he had entered.
Whether a defendant’s sentence to consecutive terms violates the right against double jeopardy was addressed today by this Court in a factually similar case. Ex parte Dawson, 675 So.2d 905 (Ala.1996). Based on this Court’s opinion in Dawson, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.

. We also granted Robertson's petition for the writ of certiorari. However, we note that his arguments to this Court are not related to the State's arguments. His writ was quashed on December 22, 1995.