On Return From Remand
This Court's opinion of July 3, 1996, is withdrawn and the following opinion is substituted therefor.
Huey Frank Dozier was convicted of robbery in the first degree and assault in the first degree, violations of §§13A-8-41(a)(2) and 13A-6-20(a)(2), respectively. He was *Page 1288 
sentenced to life imprisonment without parole for the robbery conviction and to life imprisonment for the assault conviction. Dozier raises five issues on appeal.
 I.
Dozier first contends that the trial court erred in denying his motion invoking his right to a speedy trial and requesting that a trial date be set. Dozier was arrested and incarcerated on December 5, 1991. On October 27, 1992, Dozier filed his motion. The trial court denied that motion. The trial was set for January 12, 1994, but was continued at the State's request. In June 1994, the trial court granted Dozier's motion to dismiss the indictments against him because of racial discrimination in the selection of the Henry County grand jury. (C. 61-64.) He was indicted a second time in January 1995, after approximately 37 months of incarceration, and approximately 27 months after the denial of his original speedy trial motion. However Dozier never reinvoked his right to speedy trial or requested that his trial be set at the earliest opportunity pursuant to his second indictment. This matter went to trial in August 1995. Dozier first raised the issue of his right to speedy trial on direct appeal. We hold that this issue was not preserved for our review.
Rule 15.2, Ala. R. Crim P., states: "Objections based on defects in the commencement of the proceeding or in the charge, other than the lack of subject matter jurisdiction or failing to charge an offense, may be raised only by pre-trial motion as provided in Rule 15.3." This Court has held that where a defendant has had a previous indictment dismissed for other defects, "the chain of delay was broken when the defendant abandoned the original motion to dismiss in favor of speculating as to whether or not the subsequent grand jury would reindict him." Mayberry v. State, 48 Ala. App. 276, 283,264 So.2d 198, 205 (1971), cert. denied, 288 Ala. 746,264 So.2d 207 (1972). When the first indictment against Dozier was dismissed, the proceedings against him began anew. Accordingly, Dozier needed to reassert his right to a speedy trial, in a pre-trial motion, to preserve this issue for our review.
 II.
Dozier argues that the trial court erred in admitting into evidence, over his objection, testimony by a State's witness as to prior bad acts allegedly committed by Dozier.
The trial court allowed Stan Devane, a Dothan police officer, to testify during the State's case-in-chief that he had taken a statement from Dozier regarding his involvement in a robbery in Houston County that occurred several days after the robbery that is the subject of this appeal. Devane was then allowed to read Dozier's statement into evidence. The statement included a full confession to the Houston County robbery and a detailed account of Dozier's participation in that robbery.
The well-established principle that evidence of other crimes or bad acts committed by a defendant should be excluded if it serves no purpose other than to illustrate the bad character of the defendant, and the likelihood that the defendant acted in conformity with that bad character on a particular occasion, is well stated by C. Gamble, McElroy's Alabama Evidence § 69.01(1) (4th ed. 1991):
 "On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to prove bad character, inclination or propensity to commit the type of crime for which he is being tried. This is a general exclusionary rule which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried."[1] *Page 1289 
In the most current edition of his treatise, Professor Gamble elaborates on this exclusionary rule:
 "The beginning premise of this rule is simply part of an even broader principle precluding proof of a person's character in any form when offered to prove action in conformity therewith on a particular occasion. The basis for the rule lies in the belief that the prejudicial effect of collateral crimes or acts will far outweigh any probative value that might be gained from them as a basis upon which to infer subsequent conduct. Most agree that such evidence possesses an almost irreversible impact upon the minds of the jurors."
C. Gamble, McElroy's Alabama Evidence, § 69.01(1) (5th Ed. 1996).
The exclusionary rule seeks " 'to prevent conviction based on a jury belief that the accused is a person of bad character. The jury's determination of guilt or innocence should be based on evidence relevant to the crime charged.' " Goodman v. State,401 So.2d 208, 212 (Ala.Cr.App.) cert. denied, 401 So.2d 213
(Ala. 1981) (quoting United States v. Turquitt, 557 F.2d 464,468 (5th Cir. 1977)).
In its brief to this Court, the State argues that the statement was admissible to prove identity. We agree.
The statement to which Dozier objected was read immediately after the witness read another of Dozier's statements in which he denied involvement in the robbery for which he was on trial yet admitted to being present in the store when the robbery was committed. The clerk was unable to positively identify Dozier as the person who had shot her, although she testified that Dozier looked like that person. The identity of the person who shot the store clerk was an issue in the trial, and Dozier's statements regarding his involvement in a strikingly similar robbery one week later in Houston County were admissible for the purpose of proving identity.
Additionally the evidence of the Houston County robbery would have been relevant to prove intent and motive. Because Dozier admitted that he had committed the robbery in Houston County yet denied involvement in the Henry County case, evidence of his confession to the Houston County robbery was properly admissible to rebut the contention in his statement to the police that although he was present when the robbery occurred, he had nothing to do with the Henry County robbery. See, Lanev. State, 673 So.2d 825 (Ala.Cr.App. 1995) (evidence that the defendant had been involved in a prior crime similar to the offense charged was relevant for the purpose of proving intent and motive when the defendant denied involvement in the charged offense).
The trial court did not err in admitting Dozier's statement into evidence.
 III.
Dozier argues that the trial court erred in denying his motion for a judgment of acquittal because, he contends, the evidence presented by the State at trial was insufficient to support his conviction. Although Dozier is correct in his assertion that the evidence against him was largely circumstantial, we conclude that the evidence was sufficient to sustain his conviction.
 "In reviewing a conviction based on circumstantial evidence, this court must view that evidence in a light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude."
Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.), cert. denied,368 So.2d 877 (Ala. 1979), citing United States v. Black,497 F.2d 1039 (5th Cir. 1974).
The evidence presented by the State at trial tended to show that Dozier and another individual entered the Hobo Pantry convenience store in Henry County on November 27, 1991, and that the store clerk, Ms. Jewell Williams, was shot during a robbery in which *Page 1290 
money was stolen from the cash register. Dozier's statement to the police after his arrest was introduced at trial. In this statement Dozier admitted that he was present in the store during the robbery. Additionally, the victim stated that the person who shot her "looked like" Dozier. Other evidence presented by the State established that Dozier had borrowed a .22 caliber handgun from a friend shortly before the robbery. Shells from a .22 caliber gun were removed from the convenience store after the robbery. Additionally, Dozier admitted to using this same handgun in a robbery in Houston County days after the Henry County robbery.
This evidence is sufficient to support the jury's verdict. The trial court properly denied Dozier's motion for a judgment of acquittal.
 IV.
Dozier also claims that his trial counsel's performance was constitutionally deficient. His primary complaints are that his trial counsel chose not to cross-examine certain of the State's witnesses, including the victim; that counsel failed to alert the court to the fact that a juror was allegedly asleep during portions of the testimony; that counsel failed to object at certain allegedly relevant points during the State's case; and that counsel failed to request a jury instruction regarding circumstantial evidence. However, the appellant has not met the burden established by the United States Supreme Court inStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), which sets out the following test for determining effectiveness of counsel:
 "1) [D]id counsel's conduct so undermine the proper functioning of the adversary process that the trial cannot be relied on as having a just result? 2) [W]as assistance of counsel reasonably effective? 3) [I]s there a reasonable probability that the outcome of the case would have been different, but for counsel's errors?"
Neither considered individually nor considered as a whole does any of Dozier's allegations rise to the level of ineffectiveness contemplated by Strickland v. Washington and its progeny. Because Dozier is unable to show that his counsel was not reasonably effective in the performance of his duties as defense counsel, this test is not met. Even if counsel's conduct and performance had fallen below an acceptable standard, Dozier still has not shown that he was prejudiced by such poor performance, i.e., he has not shown that the trial might have had a different outcome.
Dozier was not denied effective assistance of trial counsel.
 V.
Dozier argues that the indictments against him for robbery in the first degree and assault in the first degree were duplicitous in that they arose out of the same act, and he further argues that his subsequent convictions and sentences violated § 15-3-8, Ala. Code 1975, which states:
 "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
This court has held that this Code section prohibits only multiple sentences for the same acts as opposed to multiple convictions. McKelvey v. State, 630 So.2d 60, 61 (Ala.Cr.App. 1993). However, Dozier's brief to this Court argues that his convictions for two separate offenses that required proof of identical elements violates the constitutional prohibition against double jeopardy.
Although Dozier did not raise this issue at trial, the Alabama Supreme Court has held that the question of an improper sentence can be first raised on direct appeal. Ex parteMcKelvey, 630 So.2d 56 (Ala. 1992). Because Dozier has alleged that the trial court's sentencing on both convictions was improper because only one conviction could have been imposed, this argument requires our review.
Section 15-3-8, Ala. Code 1975, is based upon the Double Jeopardy Clause found in theFifth Amendment of the United States Constitution, which prohibits a defendant from twice being placed in jeopardy for the same offense. In order to establish that a *Page 1291 
single act has resulted in two separate offenses, it must be proven that each statutory offense that is charged against a defendant requires proof of an additional fact which the other does not. Blockburger v. United States, 284 U.S. 299,52 S.Ct. 180, 76 L.Ed. 306 (1932).
Dozier shot and caused serious injury to Jewell Williams during a theft. He was indicted, convicted, and sentenced for the offenses of robbery in the first degree and assault in the first degree under the Code sections set out below.
 "(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43[2] and he:
". . . .
 "(2) Causes serious physical injury to another. . . ."
§ 13A-8-41, Ala. Code 1975.
 "(a) A person commits the crime of assault in the first degree if:
". . . .
 "(4) In the course of and in furtherance of the commission or attempted commission of . . . robbery in any degree . . . he causes a serious physical injury to another person."
§ 13A-6-20, Ala. Code 1975.
Our review of these statutes leads us to conclude that neither offense for which Dozier was convicted and sentenced requires proof of an element that the other does not. The elements of the two offenses are identical. The only difference in the two offenses is that robbery in the first degree is a Class A felony and assault in the first degree is a Class B felony. Dozier's convictions for these offenses that have identical elements and that arose out of the same act were improper.
In light of the above, this case is remanded to the trial court with instructions to vacate one of the two convictions and the corresponding sentence. The trial court is to make a determination as to which conviction and sentence will be vacated and to report its decision to this Court within 42 days of the date of this opinion.
OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
[1] This exclusionary rule as it existed in Alabama at the time of Dozier's trial. This principle was incorporated into the Alabama Rules of Evidence, adopted subsequent to Dozier's trial as Rule 404(b), Ala. R. Evid., effective January 1, 1996. That rule states:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ."
[2] Section 13A-8-43, Ala. Code 1975, provides:
"(a) A person commits the crime of robbery in the third degree if in the course of committing theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance."
* Note from the reporter of decisions: On July 3, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion; on August 22, 1997, that court denied rehearing, without opinion. On November 14, 1997, the Supreme Court denied certiorari review, no opinion (1961975).