COBB, Judge,
concurring in the result.
Kenneth Burkhart appeals the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition filed on April 14, 2003. The petition challenged Burkhart’s May 3, 1994, convictions and concurrent 20-year sentences for robbery in the first degree and assault in the first degree.
Burkhart asserted in his petition and on appeal that the trial court did not have jurisdiction to render judgment or' impose sentence because, he argued, a conviction for robbery in the first degree and a conviction for assault in the first degree, both arising from the same incident, violate the prohibition against double jeopardy.[1] The majority concluded that this claim was nothing more than a bare allegation and due to be summarily dismissed because it was insufficiently pleaded. See Rules 32.3 and 32.6(b), Ala. R.Crim. P. I disagree with the majority’s conclusion that this claim was insufficiently pleaded.
Burkhart asserted in his petition and in his brief that he “.stabbed and caused injury to Chuck Ferrell, during a theft.” (CR. 16.) Burkhart recited the two-count indictment returned against him.[2] Count I of the indictment charged that while Burk-hart was armed with a knife, he used force against Chuck Ferrell to commit a robbery of the.Twilite Lounge night club, a violation of § 13A-8-41(a)(l), Ala.Code 1975. Count II of the indictment charged Burk-hart with causing serious physical injury to Chuck Ferrell with a knife, a violation of § 13A-6-20(a)(l), Ala.Code 1975. Burk-hart set forth the elements of each crime, noted that the elements were identical and, thus, concluded, that he could not be convicted of both offenses. He cited Dozier v. State, 706 So.2d 1287 (Ala.Crim.App.1997), to support his contention that convictions of robbery in the first degree and assault in the first degree arising.out of the same incident violate the prohibition against double jeopardy.
I believe that Burkhart’s claim was sufficiently pleaded. However, I disagree with his conclusion that he is entitled to relief. Robbery in the first degree is defined as follows.
*214 “(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8^43 and he:
“(1) Is armed with a deadly weapon or dangerous instrument; or
“(2) Causes serious physical injury to another.”
§ 13A-8-41, Ala.Code 1975.
Assault in the first degree is defined as follows.
“(a) A person commits the crime of assault in the first degree if:
“(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or
“(2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person; or
“(3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or
“(4) In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree or any other felony clearly dangerous to human life, or of immediate flight therefrom, he causes a serious physical injury to another person; or
“(5) While driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle.”
§ 13A-6-20, Ala.Code 1975.
Burkhart was charged with violating § 13A-8-41(a)(l), the robbery statute, which requires that the defendant be armed with a deadly weapon or dangerous instrument. This subsection does not require proof of injury to the victim. Burk-hart was also charged with violating § 13A-6-20(a)(l), the assault statute, which requires proof of injury to the victim. Thus, the elements of the offenses are not identical. Assault under § 13A-6-20(a)(1) requires proof of an additional element: injury to the victim. Dozier, relied upon by Burkhart, is distinguishable. Dozier was charged under subsection (a)(2) of the robbery statute and under subsection (a)(4) of the assault statute. The Dozier court correctly found that the elements of those offenses were identical. That is not so in the instant case.
Therefore, unlike the majority, I would find Burkhart’s claim sufficiently pleaded but without merit.

. Jurisdictional claims are “not precluded by the limitations period or by the rule against successive petitions.” Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App.1998).

. Additionally, a copy of the indictment is included in the record.