Rel: June 28, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————————

### CR-2023-0871

———————————————

**Travis Eugene Wolfe**

**v.**

**State of Alabama**

**Appeal from DeKalb Circuit Court**
**(CC-22-1154 and CC-23-242)**

KELLUM, Judge.

Travis Eugene Wolfe appeals his convictions and sentences for multiple sex offenses committed against his stepdaughter, E.E.

In case no. CC-22-1154, a jury convicted Wolfe of two counts of rape in the second degree, see § 13A-6-62(a), Ala. Code 1975 (Counts I and II

of the indictment); four counts of sodomy in the second degree, see § 13A-6-64(a), Ala. Code 1975 (Counts III through VI of the indictment); five counts of sexual abuse in the second degree, see § 13A-6-67(a)(2), Ala. Code 1975 (Counts VII through XI of the indictment); one count of enticing a child for immoral purposes, see § 13A-6-69(a), Ala. Code 1975 (Count XII of the indictment); and one count of sexual extortion, see § 13A-6-241(a), Ala. Code 1975 (Count XIII of the indictment). In case no. CC-23-242, a jury convicted Wolfe of one count of sexual abuse in the first degree by forcible compulsion, see § 13A-6-66(a)(1), Ala. Code 1975 (Count II of the indictment), and one count of sexual abuse in the second degree, see § 13A-6-67(a)(2), Ala. Code 1975 (Count III of the indictment).[1]

The trial court sentenced Wolfe to 20 years' imprisonment for each of the rape and sodomy convictions and for the sexual-extortion conviction, and to 10 years' imprisonment for each of the sexual-abuse convictions and for the enticing conviction. The trial court ordered the

---

[1]The jury acquitted Wolfe of the offense charged in Count I of the indictment in case no. CC-23-242, attempted rape in the first degree by forcible compulsion, see §§ 13A-6-61(a)(1) and 13A-4-2, Ala. Code 1975.

2

sentences to run consecutively. Wolfe timely filed a motion for a new trial, which the trial court denied without a hearing.

The specific details of the crimes are unnecessary for a resolution of this appeal, but a summary of the evidence adduced at trial is required. Wolfe married E.E.'s mother in 2016, when E.E. was 9 or 10 years old. Because E.E. did not know her biological father, it was the first time E.E. had had a father figure in her life. E.E. and Wolfe developed a close bond, a bond Wolfe did not share with E.E.'s younger sister, A.G., and E.E. and Wolfe spent a substantial amount of time together. E.E. described Wolfe as the only person in her life she could talk to. Over time, Wolfe got "more touchy," touching E.E.'s legs, thighs, and waist, and getting in bed with her and "spooning" her. (R. 239, 241.) When E.E. was 14 years old and starting the ninth grade, Wolfe's touching turned sexual. It began when Wolfe searched E.E.'s cellular telephone and found an inappropriate photograph she had sent to a boy she knew. Wolfe became angry with E.E., and he told her that he was jealous. Wolfe then gave E.E. two options: "get whipped" or "let [him] do something." (R. 244.) Afraid of getting whipped, E.E. chose the second option. Wolfe then sexually abused E.E. E.E. described several additional incidents of Wolfe sexually

abusing her; two incidents of sexual intercourse with Wolfe; two incidents of oral sex with Wolfe; and one incident of Wolfe attempting unsuccessfully to have sexual intercourse with her.

Whenever E.E. would protest the abuse, Wolfe would get upset and refuse to speak to her for some time. When E.E. did not protest, Wolfe would buy her gifts and give her money. The abuse took place over a period of eight months before E.E. finally disclosed to her sister what Wolfe had been doing to her, and then, at her sister's urging, disclosed the abuse to her mother. Not quite believing E.E.'s claims, E.E.'s mother instructed E.E. to download an application to her cellular telephone that could record telephone conversations and to then record any conversation she had with Wolfe. E.E. did so, and the State introduced into evidence a recording, and a transcript of that recording, of a telephone conversation she had had with Wolfe in which Wolfe described having a sexual dream about her. After that conversation, the police were notified.

I.

Wolfe contends that the trial court erred in admitting into evidence the recording of his telephone conversation with E.E.[2] He argues that, although Alabama is a one-party consent state, he did not consent to the recording and E.E. was incapable of consenting because she was a minor. Therefore, Wolfe maintains, E.E.'s recording of the conversation constituted criminal eavesdropping under § 13A-11-31, Ala. Code 1975, and rendered the recording and transcript inadmissible under the Electronic Communications Privacy Act. See 18 U.S.C. §§ 2510-2523.

Before trial, Wolfe filed a motion in limine to prohibit the State from introducing into evidence the recording of the telephone conversation on the same grounds he now argues on appeal. After hearing arguments from the parties, the trial court denied the motion. When the State sought to introduce the recording at trial during E.E.'s testimony, Wolfe objected, arguing that the recording was hearsay and that it was cumulative to E.E.'s testimony because she had testified about what was said during the conversation. The trial court overruled the objection.

---

[2]Wolfe's arguments encompass both the audio recording and the transcript of the recording.

Subsequently, in his motion for a new trial, Wolfe reasserted the claim, raising the same grounds he had raised in his motion in limine and now raises on appeal.

> Wolfe's argument was not properly preserved for review.
>
> "'The general rule is that an adverse ruling on a motion in limine does not preserve the issue for appellate review unless an objection is made at the time the evidence is introduced.' Moody v. State, 888 So. 2d 532, 582 (Ala. Crim. App. 2003). '[U]nless the trial court's ruling on the motion in limine is absolute or unconditional, the ruling does not preserve the issue for appeal.' Perry v. Brakefield, 534 So. 2d 602, 606 (Ala. 1988)."

Saunders v. State, 10 So. 3d 53, 87 (Ala. Crim. App. 2007). In this case, nothing in the record indicates that the trial court's ruling on Wolfe's motion in limine was absolute or unconditional; therefore, the trial court's denial of Wolfe's motion in limine did not preserve this issue for review. In addition, although Wolfe objected to the recording when it was offered by the State at trial, he did so on different grounds than those he raised in his motion in limine and now raises on appeal; therefore, Wolfe's objection at trial likewise did not preserve this issue for review. See, e.g., Ex parte Frith, 526 So. 2d 880, 882 (Ala. 1987) ("The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial."). Finally,

6

Wolfe's reasserting the issue in his motion for new trial on the grounds he raised in his motion in limine and now raises on appeal also did not properly preserve the issue for review because "[g]rounds urged in a motion for a new trial must ordinarily have been preserved at trial by timely and sufficient objections." Williams v. State, 710 So. 2d 1276, 1311 (Ala. Crim. App. 1996), aff'd, 710 So. 2d 1350 (Ala. 1997).

Moreover, even had this issue been properly preserved for review, any error in the admission of the recording was, at most, harmless. As Wolfe noted when objecting to the admission of the recording at trial, the recording was cumulative to E.E.'s testimony about the content of her conversation with Wolfe. "The erroneous admission of evidence that is merely cumulative is harmless error." Dawson v. State, 675 So. 2d 897, 900 (Ala. Crim. App. 1995), aff'd, 675 So. 2d 905 (Ala. 1996).

Therefore, Wolfe is not entitled to relief on this claim.

## II.

Wolfe also contends that the trial court erred in denying his motions for a judgment of acquittal, made at the close of the State's case and at the close of all the evidence, with respect to two of his four sodomy convictions. Specifically, he argues that E.E. testified about only two

7

incidents involving sodomy, and that the other incidents involved sexual abuse and rape, not sodomy. Therefore, Wolfe concludes, he should have been convicted of only two counts of sodomy in the second degree instead of four. The State agrees, as do we.

As noted above, in Counts III through VI of the indictment in case no. 22-1154, E.E. was charged with four counts of sodomy in the second degree. However, E.E. testified about only two incidents that satisfied the elements of sodomy (both involving oral sex). Therefore, although the evidence was sufficient to sustain Wolfe's convictions for sodomy under Counts III and IV of the indictment, the trial court erred in denying Wolfe's motions for a judgment of acquittal as to Counts V and VI of the indictment, and this Court must reverse those two sodomy convictions and sentences and render a judgment in Wolfe's favor on those two counts.

## III.

Finally, Wolfe contends that his consecutive sentences -- which, absent the sentences for the two sodomy convictions we reverse today, total 180 years' imprisonment -- constitute cruel and unusual

punishment under the Eighth Amendment to the United States Constitution.

Wolfe did not raise this claim at the sentencing hearing or in his motion for a new trial. Instead, 32 days after the sentencing hearing, Wolfe filed a motion to reconsider his sentences, in which he raised his Eighth Amendment claim for the first time. A motion to reconsider sentence is the functional equivalent of a motion for a new trial, see, e.g., State v. Monette, 887 So. 2d 314, 315 (Ala. Crim. App. 2004), and must be filed within 30 days of the pronouncement of sentence to be timely, see Rule 24.1(b), Ala. R. Crim. P. "Even constitutional claims may be waived on appeal if not specifically presented to the trial court" in a timely manner. Brown v. State, 705 So. 2d 871, 875 (Ala. Crim. App. 1997). Because Wolfe did not raise his Eighth Amendment claim in a timely manner in the trial court, it was not properly preserved for review.

Moreover, even had this issue been properly preserved for review, we would conclude that Wolfe's sentences do not constitute cruel and unusual punishment. See, e.g., State v. Fontenot, 380 So. 3d 729, 744-49 (La. Ct. App. 2024) (holding that aggregate sentence of 140 years' imprisonment for multiple sex crimes against a minor was not cruel and

unusual punishment); <u>Alfaro v. State</u>, 534 P.3d 138, 152 (Nev. 2023) (holding that aggregate sentence of 275 years' to life imprisonment for multiple sex crimes against a minor was not cruel and unusual punishment); <u>State v. Craig</u>, 850 N.W.2d 828, 837-38 (S.D. 2014) (holding that aggregate sentence of 150 years' imprisonment for multiple sex crimes against a minor was not cruel and unusual punishment).

IV.

Based on the foregoing, we affirm Wolfe's convictions and sentences in case no. CC-23-242 for one count of sexual abuse in the first degree and one count of sexual abuse in the second degree, and his convictions and sentences in case no. CC-22-1154 for two counts of rape in the second degree, two counts of sodomy in the second degree under Counts III and IV of the indictment, five counts of sexual abuse in the second degree, one count of enticing a child for immoral purposes, and one count of sexual extortion. However, we reverse Wolfe's convictions and sentences in case no. CC-22-1154 for the two counts of sodomy in the second degree charged under Counts V and VI of the indictment, and we render a judgment in Wolfe's favor as to those counts.

AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.